M.R.J., Relator,

v.

**Honorable Phillip VICK, Judge 158th District Court, Denton County, Respondent.**

No. 2–88–113–CV.

Court of Appeals of Texas, Fort Worth,

July 15, 1988.

Odle & Fiscus, and Charles E. Fiscus, Lewisville, for appellant.

Law Offices of Ronald J. Neiman, and Margaret E. Barnes (attorney ad litem), Lewisville, for appellee.

Before HILL and KELTNER, JJ., and W.A. HUGHES, Jr. (Retired), sitting by assignment.

PETITION FOR WRIT OF MANDAMUS

KELTNER, Justice.

This mandamus action arises from the trial court's handling of an unusual habeas corpus proceeding. The relator, M.R.J., sought production of Scott, his minor son, from Mrs. H., who is M.R.J.'s mother and Scott's grandmother.[1]

During the habeas corpus hearing, M.R.J. presented evidence that he was awarded custody of Scott in a 1977 divorce decree. Mrs. H. did not file a responsive pleading and during the hearing admitted that M.R.J. had legal custody of Scott. However, she also testified that Scott had lived with her for the past eleven and one-half years at the insistence of M.R.J. During that time, she received little support, financial or otherwise, from M.R.J. in Scott's upbringing. She testified that M.R.J. sought the habeas corpus proceeding only after Scott complained to the police that M.R.J. was carrying a gun and had beaten him.

As a result, Mrs. H. requested that the judge conduct an in-camera interview with Scott. The court did so, over M.R.J.'s strenuous objections that Mrs. H. had not filed a pleading requesting the interview.

After the interview, the trial judge recessed the hearing, appointed a guardian ad litem for Scott, and announced that the hearing would be continued until the guardian ad litem had an opportunity to prepare a report for the court.

At oral argument in this court, M.R.J.'s attorney admitted that Scott was spending a significant amount of time with M.R.J. and was "bouncing back and forth" between Mrs. H. and M.R.J.

M.R.J. brings this writ of mandamus claiming the trial court abused its discretion in:

1. Recessing the hearing:

a. when there were no pleadings to support the issue of "serious and immediate question concerning the welfare of the child";

b. when he had proved his right to custody under the court order; and

c. when the court did not enter an order finding a serious and immediate question concerning the welfare of the child.

2. Conducting the in-camera interview with Scott.

3. Not granting the application for writ of habeas corpus because it became a ministerial function when M.R.J. proved he was entitled to custody of Scott by prior court order.

■ In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will not issue unless a clear abuse of discretion is shown. *See West v. Solito*, 563 S.W.2d 240, 244 (Tex.1978); *Allen v. Humphreys*, 559 S.W.2d 798, 801 (Tex.1977); *Barker v. Dunham*, 551 S.W.2d 41, 42 (Tex.1977). Furthermore, appellate courts will not intervene to control incidental trial court rulings when there is an adequate remedy by appeal. *Jampole v. Touchy*, 673 S.W.2d 569, 572–73 (Tex. 1984); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex.1980).

■ Mandamus has traditionally been an extreme measure to be utilized only when there has been a violation of a clear legal right possessed by the relator, *Neville v. Brewster*, 163 Tex. 155, 352 S.W.2d 449, 452 (1961), and when there is a clear legal duty to act on behalf of the respondent. *Pat Walker & Co., Inc. v. Johnson*, 623 S.W.2d 306, 308 (Tex.1981).

■ Unless the law dictates "an absolute and rigid duty of the trial court to follow a fixed and prescribed course not involving the exercise of judgment or discretion," the court should be hesitant to grant relief by writ of mandamus. *See State Bar of Tex.*, 603 S.W.2d at 833. A relator must meet three prerequisites before being demonstrably entitled to the writ; he must establish: (1) a clear legal duty to perform a non-discretionary act; (2) a demand for performance; and (3) a refusal to perform.

---

**1.** First names and initials are used to protect the identity of the minor who is the subject of these proceedings.

*See Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex.1979).

■ A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). Accordingly, we must make an independent inquiry as to whether the trial court's order is so arbitrary, unreasonable, or based upon so gross and prejudicial an error of law as to establish abuse of discretion. *See id.* at 918.

Section 14.10 of the Family Code governs the habeas corpus action in this case. TEX.FAM.CODE ANN. sec. 14.10 (Vernon 1986). Section 14.10 provides, in pertinent part:

> (a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.
>
> . . . .
>
> (c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

*Id.*

Habeas corpus proceedings in child custody cases are governed exclusively by section 14.10, the provisions of which are mandatory. *Greene v. Schuble,* 654 S.W.2d 436, 437 (Tex.1983). The purpose of this section is to return possession of the child to the person legally entitled to custody by court order. *Id.* at 437.

■ As a general rule, once a relator has proved he or she is entitled to possession of the child pursuant to a prior court order, the relator is entitled to an immediate granting of the writ of habeas corpus. *Schoenfeld v. Onion,* 647 S.W.2d 954 (Tex. 1983). Since habeas corpus proceedings cannot be concerned with changing custody, the best interest of the child is not an issue. *Saucier v. Pena,* 559 S.W.2d 654,

656 (Tex.1977); *McElreath v. Stewart,* 545 S.W.2d 955, 957 (Tex.1977).

Nonetheless, if the trial court finds the existence of a "serious immediate question" concerning the child's welfare, the court may decline to grant the writ and issue temporary orders. TEX.FAM.CODE ANN. sec. 14.10(c) (Vernon 1986); *see also Greene,* 654 S.W.2d at 438; *Schoenfeld,* 647 S.W.2d at 955.

The statutory language of section 14.-10(c) does not require that the finding of "serious immediate" be included in the temporary orders. However, our supreme court has held that the trial court must make the finding in a written order. *Whatley v. Bacon,* 649 S.W.2d 297, 299 (Tex.1983); *McElreath,* 545 S.W.2d at 958.

■ The statement of facts reveals that Judge Vick became concerned about Scott's welfare from the start of the hearing. He stated that he had a duty to determine whether there was a "serious and immediate question" as to the welfare of the minor six times during the short hearing. At one point, Judge Vick stated in response to an objection by M.R.J.'s attorney:

> [A]ll I'm saying is whether or not there is a serious and immediate question concerning the welfare of the child, and Ms. H. has convinced me that there is. . . .

In applying the law to the facts of this case, we hold that the trial court did not abuse its discretion in conducting the in-camera interview with Scott. To the contrary, the court was fulfilling its obligation to determine whether there was a "serious immediate question" concerning the welfare of the child.

Next, we hold that the trial court did not abuse its discretion in failing to immediately grant the writ of habeas corpus as a ministerial act, after M.R.J. had proved he was entitled to custody by a prior court order. The evidence raised a serious and immediate question concerning Scott's welfare. The testimony in the record regarding M.R.J.'s alleged criminal activity and beating of the child was sufficient to raise a serious and immediate question.

■ Additionally, M.R.J. did not prove all of the elements necessary for the grant of habeas corpus relief. Specifically, M.R.J. did not prove that Mrs. H. had restrained the child, as alleged in his petition. The only testimony on this subject was from Mrs. H., who testified that she had never restrained the child from M.R.J.'s possession and in fact, had encouraged M.R.J. to take a more active role in Scott's upbringing.

Furthermore, we cannot hold the trial court abused its discretion in refusing to immediately grant the habeas corpus order because the entire record is not before us. Our record reflects that the in-camera conversation with Scott was taken by the court reporter. However, that statement of facts has not been forwarded to our court.

■ Finally, however, we hold the trial court abused its discretion in a procedural context. As stated above, the trial court must make the "serious immediate" finding in a written order. No order was entered in this case. As a result, we direct the trial court to make a finding of whether there is "a serious immediate question concerning the welfare of the child." Thereafter, the court may make further findings consistent with this opinion.

We expect that Judge Vick will immediately determine whether there is a serious immediate question concerning the welfare of the child and will enter an order consistent with this opinion. Should he fail to do so, the clerk of this court is directed to issue the writ of mandamus directing the court to make this finding.