**Lowell B. ROSENDORF, Relator,**

v.

**Honorable Robert M. BLACKMON, Judge, 117th Judicial District Court, Nueces County, Texas, Respondent.**

No. 13–90–426–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 1990.

Motion for Reconsideration Denied Dec. 7, 1990.

Scott T. Cook, Scott T. Cook & Associates, Corpus Christi, for relator.

Virgil Howard, Corpus Christi, for respondent.

Before NYE, C.J., and SEERDEN and KEYS, JJ.

OPINION

SEERDEN, Justice.

This mandamus action arises from Lowell Rosendorf's application for writ of habeas corpus seeking the return of his child who he has custody of based upon a decree entered by a Wisconsin Court in 1989. The real party in interest, Mona Rosendorf, filed an answer to the application, claiming that there was a serious and immediate question concerning the welfare of the child. She requested that the court deny the application and award her temporary custody of the child. The trial court denied relator's writ of habeas corpus and gave Mona Rosendorf possession of the child. Relator argues in this Court, as he did in the trial court, that there was no evidence of a serious and immediate question concerning the welfare of the child. We agree with the relator and conditionally grant the writ of mandamus.

■ Mandamus will not issue unless a clear abuse of discretion is shown. *West v. Solito*, 563 S.W.2d 240, 244 (Tex.1978). Disputed fact issues are not properly decided by mandamus. *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex.1990). Mandamus is proper when a trial court acts beyond its power and in so doing changes a final adjudication. *McElreath v. Stewart*, 545 S.W.2d 955, 959 (Tex. 1977); *Standley v. Stewart*, 539 S.W.2d 882, 883 (Tex.1976).

■ The habeas corpus action in this case is governed by Tex.Fam.Code Ann. § 14.10 (Vernon Supp.1990). This section provides that the court shall compel the child's return only if it finds that the relator is presently entitled to possession by virtue of a court order. The code further states that the court may issue any temporary order if there is a serious immediate question concerning the welfare of the child. Tex.Fam.Code Ann. § 14.10(d) (Vernon Supp.1990). As a general rule, once a relator has proven entitlement to possession based upon a prior court order, the relator is entitled to immediate possession. *Schoenfeld v. Onion*, 647 S.W.2d 954, 955 (Tex.1983). The best interest of the child

and right to possession are not issues to be decided in a habeas corpus proceeding. *Schoenfeld*, 647 S.W.2d at 955; *McElreath*, 545 S.W.2d at 957.

■ Based upon a review of the law, it is clear that the trial judge's refusal to grant the habeas corpus was proper if it was based upon *any* admissible evidence from which he could have determined that there was a serious and immediate question concerning the welfare of the child. It would be virtually impossible for us to determine that the court abused its discretion if there was a factual dispute among the parties. We will review the evidence to determine whether the trial court abused its discretion in this instance.

The evidence before the trial court was undisputed that relator was given custody of the child pursuant to a Wisconsin divorce decree. Relator testified that he allowed the child to visit his mother during the summer of 1990. She was supposed to return him at the end of July, but she did not.

Mona Rosendorf testified that prior to January 1989, relator was violent with her in front of the child. Relator would either do absolutely nothing to discipline the child or would severely spank the child. The parties were divorced in July, 1989.

In late summer 1989, Mona Rosendorf did not return the child after a period of visitation, alleging that relator had sexually abused the child. The child protective services investigated, the file was closed and Mona Rosendorf returned the child to the relator. Mrs. Rosendorf testified that when she first had the child for the present visitation he behaved strangely. He would scream when she asked him to take a bath, nap or go to bed. He would never take off his pants. She admitted that there was no physical evidence of abuse. She then testified, over proper objection, that the child told her that his father "played with his weiner."

David Sanchez, a child protective services specialist, testified over objection that the child made statements to him similar to

what he told his mother. Sanchez noted no physical evidence of sexual abuse.

■ The only evidence in the record which could support the trial court's ruling is Rosendorf's testimony concerning what the child told her and Sanchez's testimony about what the child told him. Relator argues that this testimony was hearsay and not admissible. Mona Rosendorf argues that the testimony is admissible on two theories. She first argues that the testimony is admissible under Tex.R.Civ. Evid. 801(e)(2). This rule provides that a statement is not hearsay if it is offered against a party and is his own statement in either his individual or representative capacity. The child's statements clearly do not come within this rule because the statement was not offered *against* the child as the declarant.

■■ Mona Rosendorf also argues that the statement is admissible as an excited utterance. Tex.R.Civ.Evid. 803(a)(2), provides that a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is not excluded under the hearsay rule. A hearsay statement by a small child may be admitted as res gestae if the usual requirements are shown, that is, the statement was a spontaneous utterance made under the immediate influence of an exciting event. *Richardson v. Green,* 677 S.W.2d 497, 500 (Tex.1984). In *Richardson,* the Supreme Court held that statements of abuse allegedly made by the child were inadmissible because the alleged abuse preceded the child's statements by several days. *Id.* Spontaneity was not established. Statements admitted under this exception are usually spontaneous remarks about pain or some sensation, made by the declarant while the sensation is being experienced. *Ochs v. Martinez,* 789 S.W.2d 949, 959 (Tex.App.—San Antonio 1990, writ denied). The exception does not extend to past external facts or conditions. *Id.*

■ Here, the testimony is likewise inadmissible. The alleged abuse preceded the alleged statement by several weeks. The statement was not spontaneous, but was elicited by Mona Rosendorf well after the event was alleged to have occurred. The event which precipitated the child's response was his mother's questions, not his father's actions. We realize that res gestae statements may be made in response to questions, but the alleged statements made in this case do not meet any of the requirements necessary for admissibility.

■ The admissible evidence presented to the trial court included relator's past violence toward Mona Rosendorf and her knowledge that relator spanked the child. These events took place before the couple's divorce and cannot support the court's finding of a serious and immediate question concerning the welfare of the child. Mrs. Rosendorf's testimony concerning the child's attitude and behavior will not support the trial court's finding. It, by itself, simply does not suggest abuse by relator or anyone else.

In sum, there was no admissible evidence to support the trial court's finding. The trial court abused its discretion in denying the writ of habeas corpus. We are confident that the respondent will vacate his order denying the application for writ of habeas corpus and his accompanying orders and enter an order granting the habeas corpus and ordering Mona Rosendorf to turn the child over to relator at a designated time and place. Mandamus will issue only if he fails to do so.