**Jim ROCHA, Relator,**

v.

**Honorable Henry G. SCHUBLE, Judge, 245th District Court, Respondent.**

No. A14–91–00352–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 16, 1991.

---

Stephen Lekas, Houston, for appellant/relator.

John M. Morgan, Pasadena.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Relator, Jim Rocha, petitions this court seeking a writ of mandamus directing the respondent, the Honorable Henry G. Schuble, to vacate his prior order and issue a writ of habeas corpus directing the child's mother, Neube Ruano, to deliver the child into the possession of the relator. We hold that the relator is entitled to the issuance of the writ of habeas corpus and conditionally grant the writ of mandamus.

In December of 1989, Jim Rocha and Neube Ruano ceased to reside with each other, at which time their child, Luis James Rocha, was approximately eighteen months old. Thereafter, Jim Rocha filed a paternity suit. On October 19, 1990, Judge Schuble entered a decree of legitimation appointing relator as managing conservator of the child. Relator was unable to obtain possession of the child. Relator then filed a petition for writ of habeas corpus in the 245th District Court of Harris County, the court of continuing jurisdiction. On April 15, 1991, a hearing was held and respondent granted the writ. After respondent excused the parties, relator grabbed the child and started moving toward the courtroom exit. Upon observing relator's conduct, respondent reversed his prior ruling and denied the writ based upon a finding of a serious and immediate danger to the child.

Relator asserts that he is automatically entitled to the issuance of the writ where the record fails to show a serious and immediate question concerning the welfare of the child. We agree. Section 14.10 of the Family Code provides, in pertinent part, that:

> (a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.
>
> (c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

TEX.FAM.CODE ANN. § 14.10(a) & (c) (Vernon 1986).

■ Once a relator has proven that he is entitled to possession of the child by virtue of a prior valid court order, the issuance of the writ of habeas corpus should be automatic, immediate and ministerial. *Greene v. Schuble*, 654 S.W.2d 436, 438 (Tex.1983); *Grimes v. Flores*, 717 S.W.2d 949, 951 (Tex.App.—San Antonio 1986, no writ). An

exception exists, however, when it is shown that there is a serious and immediate question concerning the welfare of the child. Unless it was shown, and the trial court found, that the child was in imminent danger of physical or emotional harm and that immediate action was necessary to protect the child, the trial court was without authority to deny the writ. *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977). In the absence of such a showing, the trial court has clearly abused its discretion. *Grimes*, 717 S.W.2d at 952.

The record before us does not support respondent's finding of a serious and immediate danger to the child. The mere fact that the relator picked up his child and attempted to leave the courtroom after he had already been excused by the respondent falls far short of the necessary statutory requisites of immediacy and seriousness. *See, e.g., McElreath*, 545 S.W.2d at 958. Further, even if the record supported the finding, respondent failed to issue an appropriate *temporary* order as required by Section 14.10(c). Therefore, respondent abused his discretion in refusing to grant relator's writ of habeas corpus.

It is assumed that respondent will vacate his order denying relator's petition for habeas corpus and that he will grant the requested writ. A writ of mandamus will issue only if respondent declines to do so.