**Ronald GREEN, Relator,**

v.

**The Honorable Bill McCOY, Judge of the 358th District Court of Ector County, Texas, Respondent.**

No. 08–93–00446–CV.

Court of Appeals of Texas, El Paso.

Jan. 5, 1994.

Paul Williams, Midland, for relator.

Carol Gregg, Odessa, for respondent.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

Relator Ronald Green petitions this court for a writ of mandamus directing the Honorable Bill McCoy, judge of the trial court, to take certain actions in a child-custody dispute between Relator and his former wife, Debora Lee Green. Specifically, Relator requests that we order the trial court to: (1) vacate the orders appointing the Texas Department of Human Resources as temporary managing conservator of the child; and (2) issue a writ of habeas corpus directing Debora Lee Green to return the minor child to Relator. Relator's writ of mandamus is denied in part and conditionally granted in part.

## FACTS

On June 4, 1993, a court in Kern County, California entered a judgment in cause number 47168 dissolving the marriage of Ronald Dean Green, Relator, and Debora Lee Green. That judgment gave Ronald Green the sole legal right to physical custody of the couple's minor child, Debora Deshay Venessa Renee Green. On July 28, 1993, Ronald Green filed an application for writ of habeas corpus in the 358th Court of Ector County, Texas, alleging that Debora Lee Green was illegally restraining the child.

The trial court held a hearing on this matter on August 2, 1993. The record from that hearing reflects that Debora Lee Green and the child moved from California to Texas in March 1991. With the exception of a month-long visit in June 1992, Ronald Green has not visited his daughter since March 1991. At the end of the June 1992 visit, Ronald Green would not relinquish the child to Debora Lee Green, so Debora Lee Green petitioned a California court to regain possession of the child. After a hearing, the California court sent the child back to Texas with Debora Lee Green on the ground that Texas had jurisdiction over this custody issue since the child had been living in Texas with the mother for some time.

The record further reflects that Ronald Green served Debora Lee Green with a divorce petition in March 1992, which she signed and returned to the California court on March 24, 1992. Debora Lee Green testified that at the time she acknowledged notice of the divorce proceedings, Ronald Green was requesting joint custody but allowing her to maintain primary custody over the child. It was not until June 1993 that Ronald Green obtained a default divorce judgment against Debora Lee Green. Ronald Green testified that he did not notify his wife that he was proceeding with the divorce and asking for total custody over their child, nor did he attempt to litigate the custody issue in Texas, the child's home state.

At the conclusion of the hearing, instead of honoring the California judgment, the trial judge entered temporary orders placing the child in the mother's home and giving Ronald Green visitation rights.[1]

## DISCUSSION

Ronald Green argues that he was entitled to immediate and automatic enforcement of the California judgment giving him "sole legal and physical custody of the minor child of the parties."

■ The general rule under the Texas Family Code is that once a Relator has proven that he is entitled to possession of a child by virtue of a prior valid court order, the issuance of the writ of habeas corpus should be automatic, immediate, and ministerial. *See* TEX.FAM.CODE ANN. § 14.10(a) (Vernon Supp.1993). *See also Rocha v. Schuble*, 809 S.W.2d 681, 682 (Tex.App.—Houston [14th Dist.] 1991, orig. proceeding); *Greene v. Schuble*, 654 S.W.2d 436, 438 (Tex.1983); *Grimes v. Flores*, 717 S.W.2d 949, 951 (Tex. App.—San Antonio 1986, no writ). Relator argues that the only exception to this rule would be if Debora Lee Green had shown that the child was in danger of immediate emotional and physical danger. We disagree.

Contrary to Ronald Green's assertion, Section 14.10 states three exceptions to the rule regarding the immediate granting of a petition for writ of habeas corpus to recover possession of a child wrongfully held from the person entitled to possession. First, a trial court may not enter an order in a habeas proceeding compelling return of a child on an order granted by a court that did not give the contestants reasonable notice of the proceeding and an opportunity to be heard. *See* TEX.FAM.CODE ANN. § 14.10(b) (Vernon Supp.1993). Second, the court may either compel or refuse return of the child if the relator has by consent or acquiescence

---

1. At the conclusion of the August 2, 1993 hearing, the trial judge stated that he was *temporarily* placing the child in the custody of the Department of Human Resources, but allowing the child to remain in the mother's home. The order signed the following day stated that the Department of Human Resources was being appointed managing conservator, the mother is appointed possessory conservator with exclusive right to possession, and the father appointed possessory conservator with standard visitation rights "until further order of this Court."

relinquished possession and control of the child for at least six months immediately preceding the filing of the writ. *See* TEX. FAM.CODE ANN. § 14.10(c) (Vernon Supp. 1993). Finally, the court may issue any appropriate temporary order if there is a serious, immediate concern for the welfare of the child. *See* TEX.FAM.CODE ANN. § 14.10(d) (Vernon Supp.1993).

■ Although Ronald Green argues correctly that there is no showing that the child was in danger of physical or mental harm, the record clearly reflects that the trial court had concerns centering on Sections 14.10(b) and 14.10(c). Judge McCoy stated that he was "somewhat apprehensive about how [the California] order was obtained" and had concerns about turning the child over to someone who "hasn't had anything to do with that child for two or three years." We hold that on these grounds, the trial court was acting within its discretion in denying Ronald Green's petition for writ of habeas corpus.

■ Whether the trial court had the authority to enter an order modifying custody is another matter. Only Sections 14.10(c) and (d) authorize the issuance of temporary orders, and we have already noted that Section 14.10(d) does not apply to the present cause. Further, Section 14.10(d) only authorizes the court to issue temporary orders under code Section 11.11 "if a suit affecting the parent-child relationship is pending and the parties have received notice of a hearing on temporary orders set for the same time as the habeas corpus proceeding." TEX.FAM. CODE ANN. § 14.10(c) (Vernon Supp.1993). Nothing in the record of the present cause suggests that such is the case.

The parties have not asked us to determine, nor do we decide at this time, whether the California court erred in exercising jurisdiction over the issue of custody of Debora Deshay Venessa Renee Green. But this inquiry does not appear to be vital in light of the Parental Kidnapping Prevention Act (PKPA) and the Texas Uniform Child Custody Jurisdiction Act (UCCJA), both of which address a state's subject matter jurisdiction over a child's custody status. 28 U.S.C.A. § 1738A(b) (West Supp.Pamphlet 1993);

TEX.FAM.CODE ANN. § 11.51 *et seq.* (Vernon 1986).

■ The PKPA generally requires every state to give full faith and credit to child custody determinations of other states. 28 U.S.C.A. § 1738A(a). *See also In the Interest of S.A.V. and K.E.V.*, 837 S.W.2d 80, 87 (Tex.1992). But paragraph (f) of the Act provides:

> A court of a State may modify a determination of the custody of the same child made by a court of another State, if—
>
> (1) it has jurisdiction to make such a child custody determination; and
>
> (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

28 U.S.C.A. § 1738A(f).

■ Further, the Texas legislature, in adopting the UCCJA, recognized the state's strong interest in determining the custody of children. TEX.FAM.CODE ANN. § 11.51 *et seq.* (Vernon 1986 and Supp.1993); *In the Interest of S.A.V. and K.E.V.*, 837 S.W.2d at 84. No connection between the nonresident parent and the state is required to acquire jurisdiction over custody issues, rather a party can establish jurisdiction by demonstrating that Texas has become the child's "home state." TEX.FAM.CODE ANN. § 11.53. Texas will become the child's home state when the child has resided here for six months, or since birth if the child is younger than six months. *Id.* Section 11.52(5). A Texas court alternatively may assert jurisdiction to modify custody when the best interests of the child will be served because the child and at least one contesting parent have a significant connection with Texas and substantial evidence concerning the child's care exists in Texas. *Id.* Section 11.53(a)(2). See also *In the Interest of S.A.V. and K.E.V.*, 837 S.W.2d at 84. Since Debora Deshay Venessa Renee Green had lived in Texas for a period in excess of six months prior to the proceedings in question, Texas is now her "home state" under both the PKPA and the Texas UCCJA, and Texas has acquired subject-matter jurisdiction over this child's custody status. 28 U.S.C.A. §§ 1738A(b)(4) and (f); TEX.FAM.

CODE ANN. §§ 11.52(5) and 11.53. *See In Interest of S.A.V. and K.E.V.,* 798 S.W.2d 293, 296 (Tex.App.—Amarillo 1990), *rev'd in part and aff'd in part,* 837 S.W.2d 80 (Tex. 1992). At this point, it thus would appear incumbent upon Debora Lee Green to initiate a suit to modify the parent-child relationship concerning her daughter or, if possible, file an action collaterally attacking the California court's jurisdiction over this child-custody matter. Absent such a suit or absent a finding of evidence of immediate emotional or physical harm to the child, the trial court is without authority to modify custody.

Insofar as Relator has asked that this Court grant a writ of mandamus ordering the trial court to issue a writ of habeas corpus directing Debora Lee Green to return the minor child to Relator, Relator's contentions in support of his petition for writ of mandamus are overruled and the writ is denied. But with respect to Relator's request that this Court order the trial court to vacate the orders appointing the Texas Department of Human Resources as temporary managing conservator of the child, we will issue the requested writ only if within thirty days, the trial court declines to take such action.