**In re Roland Davis JOHNSTON.**

No. 09–97–413CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 20, 1997.

Decided Dec. 11, 1997.

Ted G. Walker, Jasper, Thomas Lee Bartlett, Coleman, Bartlett & Associates, Houston, for appellant.

Bill A. Martin, District Attorney, Newton, for state.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION

HILL, Justice (Sitting by Assignment).

Relator Roland Davis Johnston filed a petition for writ of mandamus seeking to order Judge Joe Golden, Judge of the 1st District Court, Jasper County, Texas, to set aside his order authorizing the issuance of a writ of attachment for Johnston's minor children and to set aside his temporary orders and to order him to dismiss any motions to modify filed by Kenneth and Debra Jones and Earl and Patricia Miller. Kenneth and Debra Jones are the maternal uncle and aunt of Johnston's three minor children, while Earl and Patricia Miller are the maternal grandparents of the children. Both the Joneses and the Millers are the real parties in interest in this proceeding.

We conditionally grant the writ because we hold the trial court abused its discretion in failing to grant Johnston's Application for Writ of Habeas Corpus and in issuing temporary orders modifying conservatorship. We hold any error of the trial court in considering the motion filed by the real parties in interest is now moot in view of our holding.

Roland was originally married to Denese Miller Johnston. They had three children, Kirk Allen Johnston, Kandace April Johnston, and Dakota Patrick Johnston. Under the terms of their divorce decree, Denese was managing conservator and Roland possessory conservator of the children. As possessory conservator, Roland's visitation under the decree is in accordance with the standard visitation provisions formerly set forth in section 14.033 of the Texas Family Code, now found in Chapter 153 of the Code. TEX. FAM.CODE ANN. ch. 153 (Vernon 1996 & Supp.1998).

Subsequent to the divorce, Denese has been temporarily incarcerated due to drug possession. Roland had possession of the children when Denese was incarcerated, but allowed the children to stay for an extended period of time with the Joneses. The Joneses did not have the children for as long as a six-month period. When Roland went to get the children from the Joneses, they reluctantly returned the children to him. Subsequently, Kenneth Jones filed a Motion To Modify Conservatorship and obtained an ex parte order for attachment of the children. In his motion, among other things, Jones alleged that Roland resides with the children and a female to whom he is not related or married to and that he leaves the children alone and unsupervised for long periods of time or leaves them with persons of disreputable character. He alleged that Roland's continued possession of the children "will create and is creating a serious, immediate threat to the children's physical and emotional well-being." The trial court, in ordering the attachment of the children, did not specifically find that there was any serious and immediate threat to the children's physical and emotional well-being.

After the children were attached, Roland filed an Application for Writ of Habeas Corpus, seeking return of the children to him. The trial court held a hearing on the application. During the course of the hearing, the Millers and Debra Miller Jones joined Kenneth in an Amended Motion to Modify Conservatorship. That motion did not allege any serious and immediate threat to the children's well-being, nor did it allege that Roland's appointment as temporary managing conservator would significantly impair the children's health or emotional development. Following the hearing, the trial court never ruled on Roland's application. Instead, the trial court granted the motions to modify filed by the real parties in interest and named them as managing conservators of those children who were in their possession, finding that "the following orders for the safety and welfare of the children, KIRK ALLEN JOHNSTON, KANDACE APRIL JOHNSTON and DAKOTA PATRICK JOHNSTON, are in the best interest of the children."

(Vernon 1988).

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b)

The appropriate action for a trial court with respect to an application for writ of habeas corpus brought under TEX. FAM.CODE ANN. § 157.371 (Vernon 1996) depends on whether the possession of the children is governed by a court order. *See* TEX. FAM. CODE ANN. §§ 157.372, 157.376 (Vernon 1996). In the Johnstons' divorce decree, general possession of the children is with Denese, the managing conservator, while Roland has possession only at those times under the standard visitation order as set forth in the decree. It appears that Roland had the right to possession under the decree when he brought his Application for Writ of Habeas Corpus, while his scheduled period of possession for the summer would ordinarily have ended during the proceedings. However, the decree contemplated that he would return the children to the managing conservator at the end of his period of possession, an impossible condition.

■ Were Denese deceased, so that she could never again serve as managing conservator, the divorce decree would no longer serve as a valid court order governing possession of the children. *See Greene v. Schuble*, 654 S.W.2d 436, 437 (Tex.1983). However, in this case, Denese's inability to serve as managing conservator is only temporary. Considering the rights of parents provided by the United States Constitution and by the Texas Family Code, and considering the language of the divorce decree, we hold that at least where, as here, the possessory conservator is a parent, the managing conservator is temporarily prevented from having possession of the child due to incarceration, and under the terms of the decree possession of the children by the possessory conservator is unsupervised, the decree remains in effect and the possessory conservator has the right of possession under the decree. We therefore hold that Roland had the right of possession of the children by virtue of the decree of divorce.

■ Assuming that Roland had the right of possession pursuant to the decree, the trial court was under a duty to compel the return of the children to him. TEX. FAM.CODE ANN. § 157.372. Upon proof of the prior order, and in the absence of a trial court finding that there is a serious, immediate question concerning the welfare of the child, the grant of the writ of habeas corpus should be automatic, immediate, and ministerial, based upon proof of the bare legal right to possession. *Schoenfeld v. Onion*, 647 S.W.2d 954, 955 (Tex.1983). The motion filed by the real parties in interest does not allege there was a serious immediate question concerning the welfare of the child, nor did the trial court make such a finding. We therefore must conclude the trial court erred by failing to grant Roland's Application for Writ of Habeas Corpus. *See Whatley v. Bacon*, 649 S.W.2d 297, 299–300 (Tex.1983).

The real parties in interest rely on the right of the trial court to deny Roland's Application for Writ of Habeas Corpus and issue temporary orders if there is a serious immediate question concerning the welfare of the child. They refer us to the cases of *Lewelling v. Lewelling*, 796 S.W.2d 164 (Tex. 1990) and *Rocha v. Schuble*, 809 S.W.2d 681 (Tex.App.—Houston [14th Dist.] 1991, no writ). *Lewelling* is not a habeas corpus case. *Lewelling*, 796 S.W.2d at 164. Rather, it contains an extended discussion of the preference shown by the Family Code to parents. *Id.* It is not in conflict with our holding today. *Rocha* is also consistent with our holding today. *Rocha*, 809 S.W.2d at 681. In its opinion in that case, the Court stated the trial court was without authority to deny the writ unless it was shown, *and the trial court found*, that the child was in imminent danger of physical or emotional harm and that immediate action was necessary to protect the child. *Id.* at 683. Again, in this case the trial court made no such finding.

We have also examined other authorities relied upon by the real parties in interest. These include *Von Behren v. Von Behren*, 800 S.W.2d 919 (Tex.App.—San Antonio 1990, writ denied); *Thomas v. Thomas*, 852 S.W.2d 31(Tex.App.—Waco 1993, no writ); *Owen v. Owen*, 558 S.W.2d 63 (Tex.Civ. App.—Waco 1977, writ dism'd); *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977); *Page v. Sherrill*, 415 S.W.2d 642 (Tex.1967); and *M.R.J. v. Vick*, 753 S.W.2d 526 (Tex.App.— Fort Worth 1988, no writ). We have examined all of these cases and find each to be distinguishable. In *Von Behren*, the Court held the trial court did not abuse its discre-

tion in denying a grandmother's application as temporary managing conservator because there was no showing of a serious and immediate question concerning the welfare of the children. *Von Behren,* 800 S.W.2d at 923. The trial court had made a specific finding that there was no serious and immediate question concerning the welfare of the children. *Id.* In *Thomas,* the trial court awarded managing conservatorship to the maternal grandmother. *Thomas,* 852 S.W.2d at 35. On appeal, the Court found the evidence supported a specific finding by the trial court that the appointment of the father or mother as managing conservator would significantly impair the child's physical health or emotional development. *Id.* at 35–36. In *Owen,* the Court held the evidence supported the trial court's appointment of grandparents, rather than the mother, as managing conservators, where the evidence showed the mother's appointment was not in the best interest of the child, the statutory requirement at that time for the appointment of someone other than a parent as managing conservator. *Owen,* 558 S.W.2d at 65. The case did not involve an application for writ of habeas corpus. In *McElreath,* the Court held the evidence did not support the trial court's finding that a temporary order was required due to a serious and immediate question concerning the welfare of the child. *McElreath,* 545 S.W.2d at 958. In *Page,* the Court upheld the trial court's ex parte attachment of the children where the trial court had made a finding of danger to the health and welfare of the children under present circumstances. *Page,* 415 S.W.2d at 644. Finally, in *M.R.J.,* the Court ordered the trial court to make a finding concerning whether there was a serious, immediate question concerning the welfare of the child and then enter an order consistent with that finding. *M.R.J.,* 753 S.W.2d at 529. In *M.R.J.,* the trial court had made an oral finding that there was a serious, immediate question concerning the welfare of the child, but had made no written order. *Id.* at 528–29. In this case the trial judge never made any order, oral or written, indicating there was a serious, immediate question concerning the welfare of the child.

■ Rather than rule on Roland's Application for Writ of Habeas Corpus, the trial court ruled on an Amended Motion To Modi-

fy filed by the real parties in interest. While section 157.376(a)(2) of the Texas Family Code authorizes such a procedure upon proper notice where the right to possession of a child is not governed by a court order, section 157.372 of the Code, which governs when the right to possession of a child is governed by a court order, does not authorize such a procedure. TEX. FAM.CODE ANN. §§ 157.376(a)(2), 157.372 (Vernon 1996). Inasmuch as we have determined that the right of possession of these children is governed by a court order, we conclude the trial court was precluded from proceeding to hear and determine any pending motion to modify. Of course, had the court found there was an immediate serious question concerning the children, it could have made appropriate temporary orders. TEX. FAM.CODE ANN. § 157.374 (Vernon 1996). As previously noted, the trial court made no such finding.

■ Roland also questions the standing of the real parties in interest to bring any motion to modify conservatorship. Because Roland has a Motion To Modify Conservatorship pending, the trial court may allow any of the real parties in interest, upon a proper allegation and showing, to intervene as parties in that proceeding, whether or not they have standing to bring such a motion originally. TEX. FAM.CODE ANN. § 102.004 (Vernon 1996); *see also Segovia–Slape v. Paxson,* 893 S.W.2d 694, 696 (Tex.App.—El Paso 1995, no writ).

Under section 153.131 of the Texas Family Code, it is presumed that a parent or both parents shall be appointed managing conservator unless the Court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development. TEX. FAM.CODE ANN. § 153.131 (Vernon 1996 & Supp.1998). At the time of the trial court's signing of the temporary orders, the Amended Motion To Modify Conservatorship filed by the real parties in interest contained no allegation that the appointment of Denese, Roland, or both as managing conservator would significantly impair the children's physical health or emotional development, and the trial

court made no such finding. However, any error by the trial court in considering the motion filed by the real parties in interest will be rendered moot when the temporary orders are vacated in accordance with this opinion.

We assume respondent will vacate his temporary orders granting modification of conservatorship and will grant the requested writ of habeas corpus. We will issue a writ of mandamus only if the respondent declines to do so.

WRIT CONDITIONALLY GRANTED.