TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00546-CV






In re Alfred Kuhlmann, Jr., Appellant









ORIGINAL PROCEEDING FROM COMAL COUNTY






PER CURIAM


 In this original proceeding, Alfred Kuhlmann, Jr., relator and natural father of two
minor children, seeks a writ of mandamus directing Judge Charles Ramsay, District Judge of the
22nd Judicial District Court, Comal County, Texas, to set aside his prior order and to grant a writ
of habeas corpus ordering Teresa Ann Morris to surrender the minor children to relator. We
conditionally grant the writ.

 On August 20, 1997, District Judge Bill Bender of Comal County signed an Order
on Motion to Modify in Suit Affecting the Parent-Child Relationship appointing relator, the
children's father, sole managing conservator of his two minor children. The children's mother,
Morris, was appointed possessory conservator pursuant to the terms of a standard possession
order.

 In June 1998, Morris took the children to her home in Florida for summer vacation. 
Morris did not return the children to relator in accordance with the possession order. Instead, she
filed a report with the Florida protective services alleging relator abused the children. Florida
protective services sent the report to child protective services in Comal County requesting that they
interview relator regarding the allegations. Florida protective services later withdrew its request
for an interview and discontinued its investigation in Comal County.

 On August 13, 1998, a Florida court entered a temporary ex parte protective order
to maintain the current status of the children in Florida for thirty days until a petition for
modification could be filed in Texas. On the same date, relator filed an application for writ of
habeas corpus in Comal County. Morris was served in Florida and a hearing was set for August
31, 1998.

 On the day of the hearing, Morris filed an application for protective order and a
motion to modify and request for extraordinary relief. At the hearing, relator established his right
to possession of the children by virtue of the August 20, 1997 court order. See Tex. Fam. Code
Ann. § 157.372(a) (West 1996) (Family Code). Relator also presented testimony from a child
protective services supervisor regarding several investigations of abuse and neglect alleged against
relator and the children's stepmother and sexual abuse alleged against the children's stepbrother,
all conducted prior to the August 20, 1997 order. The supervisor testified that child protective
services also investigated claims of emotional and verbal abuse alleged against Morris. She further
testified that at the conclusion of the investigations all allegations were ruled out except those
against Morris for emotional and verbal abuse of one of the children. On cross-examination, the
supervisor stated that with regard to the allegations against the children's stepbrother, relator and
their stepmother had agreed to implement a safety plan to ensure that the children were not left
alone with the stepbrother.

 Morris's former attorney testified that he noticed bruises on the children soon after
Morris picked them up from relator's home in June 1998, but that he did not report it to child
protective services in Texas. Morris also testified, stating that when she received the children in
June, they appeared malnourished and made outcries of physical and sexual abuse against relator,
their stepmother, and their stepbrother.

 At the conclusion of the hearing, the trial court denied relator's application for writ
of habeas corpus and granted Morris's application for a protective order. The trial court did not 
make findings on either ruling. The trial court subsequently signed a written order denying
relator's application for writ of habeas corpus. (1) However, the trial court did not sign the
protective order.

 Section 157.372 of the Family Code governs in habeas corpus proceedings
involving possession of a child, providing in pertinent part:


if the right to possession of a child is governed by a court order, the court in a
habeas corpus proceeding involving the right to possession of the child shall compel
return of the child to the relator only if the court finds that the relator is entitled to
possession under the order.



Family Code § 157.372(a). "Once a relator has proven that he is entitled to possession of the
child by virtue of a prior valid court order, the issuance of the writ of habeas corpus should be
automatic, immediate and ministerial." Rocha v. Schuble, 809 S.W.2d 681, 682 (Tex.
App.--Houston [14th Dist.] 1991, orig. proceeding) (citing Greene v. Schuble, 654 S.W.2d 436,
438 (Tex. 1983); Grimes v. Flores, 717 S.W.2d 949, 951 (Tex. App.--San Antonio 1986, orig.
proceeding)). The only exception is when it is shown and the trial court finds that the child is in
imminent danger of physical or emotional harm and that immediate action is necessary to protect
the child. McElreath v. Stewart, 545 S.W.2d 955, 958 (Tex. 1977); Rocha, 809 S.W.2d at 683. 
In the absence of such a showing and finding by the trial court, however, the trial court's denial
of the writ is clearly an abuse of discretion. Rocha, 809 S.W.2d at 683 (citing Grimes, 717
S.W.2d at 952).

 The record makes clear that relator has a valid court order entitling him to
possession of the two children. The evidence before the trial court was undisputed that relator was
appointed sole managing conservator of the children pursuant to the August 20, 1997 order, and
that no other court order exists governing conservatorship of the children. The temporary ex parte
order from Florida does not constitute an order under section 157.372. Armstrong v. Reiter, 628
S.W.2d 439, 440 (Tex. 1982); Petru v. Bass, 788 S.W.2d 945, 947 (Tex. App.--Houston [14th
Dist.] 1990, orig. proceeding). Thus, the trial court did not have the authority to deny relator's
application for writ of habeas corpus unless there was a showing and a subsequent finding of
imminent danger to the children.

 Morris urges, however, that the trial court properly denied the writ of habeas
corpus and granted a protective order because there was evidence that the children would be in
imminent danger of physical harm if they were returned to relator. The admissible evidence
includes the testimony of Morris and her former attorney regarding bruises they found on the
children's bodies when they picked them up in June 1998. However, neither Morris nor her
former attorney recorded or reported their discovery to child protective services in Comal County
before Morris returned to Florida with the children. (2)

 Morris also testified that the children made allegations that relator acted
inappropriately with the male child behind the barn, that the stepbrother chased the children with
a BB gun or real gun, and that the stepbrother watched and/or touched the female child in the
bathroom. These allegations are similar to those raised by Morris and fully investigated by child
protective services prior to the modification hearing that resulted in the appointment of relator as
sole managing conservator pursuant to the August 20, 1997 order.

 The new allegations were reported to Florida protective services, but the record
indicates that the Florida investigation has either been put on hold or closed. In addition, Morris's
testimony indicated that the alleged abuse preceded the alleged statement by some time. Although
Morris testified that the statements were spontaneous, she admitted that she had elicited her
children's statements through questioning in the past. Therefore, we conclude Morris's testimony
concerning her children's statements and behavior do not support a finding of imminent danger
to the children if they are returned to relator. (3) See Rosendorf v. Blackmon, 800 S.W.2d 377, 380
(Tex. App.--Corpus Christi 1990, orig. proceeding).

 Finally, the trial court did not make a finding that the children would be in
imminent danger of physical harm if they were returned to relator. In Rocha v. Schuble, the court
of appeals held that a trial court was without authority to deny a writ of habeas corpus "[u]nless
it was shown, and the trial court found, that the child was in imminent danger of physical or
emotional harm and that immediate action was necessary to protect the child." 809 S.W.2d at 683
(emphasis added). The court concluded that there was no such showing to support the trial court's
finding. See id. In this case, the trial court made no such finding. See In re Johnston, 957
S.W.2d 945, 947 (Tex. App.--Beaumont 1997, orig. proceeding.). Accordingly, we conclude
the trial court abused its discretion in denying relator's application for writ of habeas corpus and
in granting Morris's protective order.

 We assume respondent will vacate his prior orders and grant relator's application
for writ of habeas corpus. We will issue a writ of mandamus only if the respondent declines to
do so.


Before Justices Powers, Aboussie and Kidd

Writ of Mandamus Conditionally Granted

Filed: November 13, 1998

Do Not Publish

1. The date reflected on the order denying writ of habeas corpus indicates that it was signed by
the trial court on August 31, 1998. In his brief in support of his petition for writ of mandamus,
however, relator asserts the trial court did not actually sign the order denying his application for
writ of habeas corpus until September 22, 1998, and that his request for a correction of the
signature date was denied by the trial court.
2. An attorney's failure to report suspected abuse or neglect of a child constitutes a violation
of the Texas reporting statute. See Tex. Fam. Code Ann. § 261.101 (West Supp. 1998).
3. The trial court also interviewed the children in chambers without the presence of a court
reporter. Because the interview is not in the record, we cannot presume that the interview raised
facts which allowed the court discretion to deny relator's application for writ of habeas corpus. 
See Forbes v. Wettman, 598 S.W.2d 231, 232 (Tex. 1980).


st 20, 1997 order, and
that no other court order exists governing conservatorship of the children. The temporary ex parte
order from Florida does not constitute an order under section 157.372. Armstrong v. Reiter, 628
S.W.2d 439, 440 (Tex. 1982); Petru v. Bass, 788 S.W.2d 945, 947 (Tex. App.--Houston [14th
Dist.] 1990, orig. proceeding). Thus, the trial court did not have the authority to deny relator's
application for writ of habeas corpus unless there was a showing and a subsequent finding of
imminent danger to the children.

 Morris urges, however, that the trial court properly denied the writ of habeas
corpus and granted a protective order because there was evidence that the children would be in
imminent danger of physical harm if they were returned to relator. The admissible evidence
includes the testimony of Morris and her former attorney regarding bruises they found on the
children's bodies when they picked them up in June 1998. However, neither Morris nor her
former attorney recorded or reported their discovery to child protective services in Comal County
before Morris returned to Florida with the children. (2)

 Morris also testified that the children made allegations that relator acted
inappropriately with the male child behind the barn, that the stepbrother chased the children with
a BB gun or real gun, and that the stepbrother watched and/or touched the female child in the
bathroom. These allegations are similar to those raised by Morris and fully investigated by child
protective services prior to the modification hearing that resulted in the appointment of relator as
sole managing conservator pursuant to the August 20, 1997 order.

 The new allegations were reported to Florida protective services, but the record
indicates that the Florida investigation has either been put on hold or closed. In addition, Morris's
testimony indicated that the alleged abuse preceded the alleged statement by some time. Although
Morris testified that the statements were spontaneous, she admitted that she had elicited her
children's statements through questioning in the past. Therefore, we conclude Morris's testimony
concerning her children's statements and behavior do not support a finding of imminent danger
to the children if they are returned to relator. (3) See Rosendorf v. Blackmon, 800 S.W.2d 377, 380
(Tex. App.--Corpus Christi 1990, orig. proceeding).

 Finally, the trial court did not make a finding that the children would be in
imminent danger of physical harm if they were returned to relator. In Rocha v. Schuble, the court
of appeals held that a trial court was without authority to deny a writ of habeas corpus "[u]nless
it was shown, and the trial court found, that the child was in imminent danger of physical or
emotional harm and that immediate action was necessary to protect the child." 809 S.W.2d at 683
(emphasis added). The court concluded that there was no such showing to support the trial court's
finding. See id. In this case, the trial court made no such finding. See In re Johnston, 957