NO. 07-03-0177-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 7, 2003

______________________________

IN RE PEGGY SUE MELANDER, RELATOR

_________________________________

ON PETITION FOR WRIT OF MANDAMUS

_______________________________

MEMORANDUM OPINION
(footnote: 1)

Before QUINN and REAVIS and CAMPBELL, JJ.

By this original proceeding, relator Peggy Sue Melander, seeks a writ of mandamus to compel respondent, the Honorable Drue Farmer, presiding judge of County Court at Law No. 2, Lubbock County, Texas, to vacate her order denying writ of habeas corpus, signed March 24, 2003, wherein Darla Finney was respondent below and is real party in interest in this proceeding.  After considering Melander’s petition and Finney’s response, without hearing oral argument, we conclude the petition for writ of mandamus must be denied.

By her petition for writ of mandamus, Melander, Krista Sue Kenyon’s natural mother, presents five issues questioning whether Judge Farmer erred (1) in failing to rule that the New Mexico order was valid and that relator was entitled to immediate possession of the child; (2) in finding that relator had by consent or acquiescence or relinquished [sic] actual possession and control of the child for not less than six months preceding the filing of the suit pursuant to section 157.373(a) of the Texas Family Code; (3) in finding that there was a “serious and immediate danger to the child’s welfare” pursuant to section 157.374 of the Texas Family Code; (4) in ordering temporary orders without a suit affecting the parent-child relationship pending; and (5) in failing to order reasonable attorney’s fees and costs.  Before addressing the issues, we first set forth the appropriate standard of review applicable to mandamus proceedings.

Standard of Review

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal, and the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus.  Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). With respect to factual matters committed to the trial court’s discretion, the appellate court may not substitute its judgment for that of the trial court.  
Id
. at 837.  However, a review of a trial court’s determination of controlling legal principles is entitled to much less deference.  
Id
. at 840.  In our analysis, we “must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted ‘to a clear and prejudicial error of law.’”  In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998).

 By decree of dissolution of marriage rendered October 21, 1996, in New Mexico, Melander, f/k/a Kenyon, was awarded care, custody, and control of Krista Sue, born January 15, 1988.  Following the divorce, by written instrument dated and acknowledged on June 27, 2001, Melander gave consent “for Krista Kenyon to live with [Finney] temporarily.”
(footnote: 2)  The instrument also authorized Finney to seek medical care and make medical and educational decisions for Krista Sue.  After Melander married and moved to Kansas and commenced working and traveling with her husband, Krista Sue moved from her grandparents’ house to Lubbock and then commenced living with Finney  in September 2001, and has continued to reside with Finney.  

On January 13, 2003, Finney filed an application for temporary managing conservatorship of Krista Sue.  After Krista Sue chose, in writing, for Finney to serve as managing conservator, by order signed January 13, 2003, upon finding that “it is in the best interest, safety and welfare of the child,” the trial court appointed Finney temporary managing conservator.  Among other exclusive rights, Finney was given the right to establish Krista Sue’s primary residence.  Then, on February 19, 2003, Melander filed her petition for writ of habeas corpus contending that Krista Sue was being illegally restrained by Finney.  Following a two-day hearing, the trial court rendered its order denying the writ of habeas corpus.  Among other things, the trial court found that:

a Stipulated Decree of Divorce was entered in Cause No. DR-96-00015 in DeBaca County, New Mexico on October 21, 1996 and that an Order Appointing Temporary Managing Conservator was signed by the Honorable Sam Medina under Rule 330 and filed for record on January 13, 2003 in Cause No. 2003-520,596 in County Court at Law No. 2 of Lubbock County, Texas;

pursuant to Section 157.373 of the Texas Family Code, the Relator has by consent or acquiescence relinquished actual possession and control of the child for not less than 6 months preceding the filing of this suit; and

pursuant to Section 157.374 of the Texas Family Code, there is a serious immediate question concerning the welfare of the child.

The court ordered that:

the status quo of the child shall be maintained and that the child is to remain with Respondent, DARLA FINNEY, until service of the Amended Petition in Suit Affecting the Parent-Child Relationship and hearing thereon; and

the application for writ of habeas corpus filed by Relator, PEGGY MELANDER, is DENIED;

 

and found that the orders were in the best interest of the child.  Melander, Finney, Krista Sue, her older brother, and the principal at Krista Sue’s school testified at the hearing.  Based upon her school records, Krista Sue’s academic record was more than satisfactory.  Melander acknowledged that her work as a truck driver required her to be away from her home in Kansas for extended periods and that she had signed the consent for Krista Sue to live with Finney.  Further, Krista Sue and Finney testified as to Krista Sue’s six-month residency in Finney’s home.  Relator does not challenge the legal sufficiency of the evidence and we “may not deal with disputed matters of fact in an original mandamus proceeding.” 
 See 
Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991) (orig. proceeding).  Thus, we must set out the evidence relevant to the fact findings of the trial court.

We will consider issues one, two, and three together because they present matter of law questions and implicate sections 157.372, 157.373, and 157.374 of the Texas Family Code.  Notwithstanding Melander’s right to the immediate return of her child under the order of the New Mexico Court, per section157.372, relief was not available because of the trial court’s findings based on sections 157.373(a) and 157.374.  
See 
Strobel v. Thurman, 565 S.W.2d 238, 239 (Tex. 1978) (noting two exceptions:  (1) if the child has not been in the relator’s possession for at least 6 months, and (2) if there is a serious immediate question concerning the welfare of the child).  
See also
 M.R.J. v. Vick, 753 S.W.2d 526, 529 (Tex.App.--Fort Worth 1988) (orig. proceeding).  Concluding that Finney has not demonstrated abuse of discretion by the trial court regarding the factual applicability of sections 157.373 or 157.374, issues one, two, and three are overruled.

By her fourth issue, Melander contends the trial court erred in making temporary orders without a pending suit affecting the parent-child relationship.  However, according to the record presented here, although the trial court denied the habeas corpus relief, it did not make any other orders applicable to that proceeding.  Accordingly, issue four presents nothing for review. 

Citing section 106.002, by her fifth issue, Melander contends the trial court erred in failing to make an award of attorney’s fees.  However, the award of attorney’s fees in a suit affecting the parent-child relationship is within the trial court’s discretion.  Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex. 1996).  Because Melander does not challenge the denial of attorney’s fees on abuse of discretion grounds, issue five presents nothing for review. 

Accordingly, the petition for writ of mandamus is denied.

Don H. Reavis

    Justice

FOOTNOTES
1:
Tex. R. App. P. 47.2(a).

2:
Melander and Finney are sisters.