NO. 07-05-0397-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 26, 2007


______________________________



KENNETH HICKMAN-BEY, APPELLANT



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CID, ET AL., APPELLEES


_________________________________



FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;



NO. 4249-H; HONORABLE RON ENNS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION


 Kenneth Hickman-Bey brings this appeal from the dismissal of his suit against the
Texas Department of Criminal Justice and six employees of the Department. Finding no
final judgment has been rendered by the trial court, we dismiss the appeal for want of
jurisdiction.

 While he was incarcerated at a prison unit in Dalhart, appellant filed a grievance
alleging prison officials engaged in discriminatory conduct concerning work assignments
based on appellant's race. A second grievance alleged different officials interfered with
his practice of his religious beliefs by denying him possession of prayer beads and a
medallion. Both grievances were denied and appellant filed suit against the Department,
"Chaplin Brown," Betty Parrish-Gary, Roy Romero and Larry Goucher seeking injunctive
relief under 42 U.S.C. § 1983. Attached to the petition were appellant's affidavit of
indigence, affidavit that he had exhausted administrative remedies, affidavit of previous
filings, a statement of his inmate trust account, and request for issuance of citation. His
first amended petition added Department employees Jasper Maxey and Tamala Alvarez
as defendants. 

 The Attorney General filed a general denial on behalf of "Douglas Brown, Lynne
Gary, Larry Goucher, Roy Romero, and [the] Texas Department of Criminal Justice-Correctional Institutional Division." That office then filed a motion to dismiss on behalf of
the same parties alleging appellant failed to file affidavits of previous filings or exhaustion
of administrative remedies as required by Chapter 14 of the Civil Practice and Remedies
Code. Tex. Civ. Prac. & Rem. Code Ann. Ch. 14 (Vernon 2002). The trial court dismissed
the claims against Douglas Brown, Lynne Gary, Larry Goucher, Roy Romero and the
Department "as frivolous, for failure to comply with the requirements of Chapter Fourteen
of the Civil Practice and Remedies Code." Appellant now seeks to appeal that order.

 Generally, an appeal may be taken only from a final judgment. See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (stating rule). Appeal can be taken from
interlocutory orders in certain instances authorized by statute. Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see, e.g., Tex. Civ. Prac. & Rem. Code § 51.014
(Vernon Supp. 2006). A judgment is final for purposes of appeal if it disposes of all
pending parties and claims. Lehmann, 39 S.W.3d at 191; North East Independent School
Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). The absence of an appealable order
deprives us of jurisdiction to consider the appeal. Qwest Communications Corp. v. AT &
T Corp., 24 S.W.3d 334, 336 (Tex. 2000). 

 The order from which this appeal is brought does not dispose of all parties. It does
not dispose of appellant's claims against Jasper Maxey or Tamela Alvarez. The order
dismissing all claims against Lynne Gary is not a dismissal of claims against the named
defendant, Betty Parrish-Gary. (1) The record does not indicate the claims against those
defendants have been severed. Nor does the procedural history of this case permit us to
deem a nonsuit as to those defendants. See Youngstown Sheet & Tube Co. v. Penn, 363
S.W.2d 230, 232 (Tex. 1962) (describing when failure to obtain service on defendant may
be treated as a nonsuit for purposes of determining finality of judgment). The order from
which appellant has given notice of appeal is not a final judgment and is not appealable. 
We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a). 



 James T. Campbell

 Justice




1. Nothing in the record shows the discrepancy is a misnomer subject to correction
or shows any effort to do so. 


Mexico on October 21, 1996 and that
an Order Appointing Temporary Managing Conservator was signed
by the Honorable Sam Medina under Rule 330 and filed for record on
January 13, 2003 in Cause No. 2003-520,596 in County Court at Law
No. 2 of Lubbock County, Texas;

 pursuant to Section 157.373 of the Texas Family Code, the Relator
has by consent or acquiescence relinquished actual possession and
control of the child for not less than 6 months preceding the filing of
this suit; and

 pursuant to Section 157.374 of the Texas Family Code, there is a
serious immediate question concerning the welfare of the child.


 

The court ordered that:

 the status quo of the child shall be maintained and that the child is to remain
with Respondent, DARLA FINNEY, until service of the Amended Petition in
Suit Affecting the Parent-Child Relationship and hearing thereon; and


 the application for writ of habeas corpus filed by Relator, PEGGY
MELANDER, is DENIED;

 

and found that the orders were in the best interest of the child. Melander, Finney, Krista
Sue, her older brother, and the principal at Krista Sue's school testified at the hearing. 
Based upon her school records, Krista Sue's academic record was more than satisfactory. 
Melander acknowledged that her work as a truck driver required her to be away from her
home in Kansas for extended periods and that she had signed the consent for Krista Sue
to live with Finney. Further, Krista Sue and Finney testified as to Krista Sue's six-month
residency in Finney's home. Relator does not challenge the legal sufficiency of the
evidence and we "may not deal with disputed matters of fact in an original mandamus
proceeding." See Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 60 (Tex. 1991) (orig.
proceeding). Thus, we must set out the evidence relevant to the fact findings of the trial
court.

 We will consider issues one, two, and three together because they present matter
of law questions and implicate sections 157.372, 157.373, and 157.374 of the Texas
Family Code. Notwithstanding Melander's right to the immediate return of her child under
the order of the New Mexico Court, per section157.372, relief was not available because
of the trial court's findings based on sections 157.373(a) and 157.374. See Strobel v.
Thurman, 565 S.W.2d 238, 239 (Tex. 1978) (noting two exceptions: (1) if the child has not
been in the relator's possession for at least 6 months, and (2) if there is a serious
immediate question concerning the welfare of the child). See also M.R.J. v. Vick, 753
S.W.2d 526, 529 (Tex.App.--Fort Worth 1988) (orig. proceeding). Concluding that Finney
has not demonstrated abuse of discretion by the trial court regarding the factual
applicability of sections 157.373 or 157.374, issues one, two, and three are overruled.

 By her fourth issue, Melander contends the trial court erred in making temporary
orders without a pending suit affecting the parent-child relationship. However, according
to the record presented here, although the trial court denied the habeas corpus relief, it did
not make any other orders applicable to that proceeding. Accordingly, issue four presents
nothing for review. 

 Citing section 106.002, by her fifth issue, Melander contends the trial court erred in
failing to make an award of attorney's fees. However, the award of attorney's fees in a suit
affecting the parent-child relationship is within the trial court's discretion. Bruni v. Bruni,
924 S.W.2d 366, 368 (Tex. 1996). Because Melander does not challenge the denial of
attorney's fees on abuse of discretion grounds, issue five presents nothing for review. 

 Accordingly, the petition for writ of mandamus is denied.

 Don H. Reavis

 Justice

 
1. Tex. R. App. P. 47.2(a).
2. Melander and Finney are sisters.