Harry Douglas FORBES, Relator,

v.

Honorable Bruce W. WETTMAN, Judge,
et al., Respondents.

No. B–8944.

Supreme Court of Texas.

March 12, 1980.

Rehearing Denied April 2, 1980.

Nicholas, Morris & Barrow, Michael B. Sheehan and C. P. Morris, Corpus Christi, for relator.

William W. Morris, Houston, W. J. Nutto, Corpus Christi, for respondents.

GREENHILL, Chief Justice.

This is an original mandamus proceeding brought by Harry Forbes, requesting a writ of mandamus directing The Honorable Bruce W. Wettman, District Judge of Harris County, to grant a writ of habeas corpus returning the younger Forbes children to Mr. Forbes, the managing conservator.

Harry Forbes and Martha Forbes were divorced. Subsequently the Domestic Relations Court of Nueces County appointed Harry Forbes the managing conservator of their four children. Evidently a subsequent order in Nueces County made Martha Forbes temporary managing conservator of the two older girls. Harry Forbes moved to St. Louis, Missouri, with the two boys in 1979. Pursuant to the Nueces County court

232 order, Harry sent the younger twin boys to Martha in Harris County for summer vacation. Under the Nueces County order, Martha was to return the boys to Harry the "last Saturday in August prior to the beginning of the new school year." Martha refused to do so. When Harry came to Houston to get the twins, Martha hid them at a neighbor's house. Harry then filed a petition for habeas corpus in a district court in Harris County. A hearing was had on September 25, 1979. After hearing testimony, Judge Wettman denied the writ of habeas corpus. Harry filed a petition for a writ of mandamus in this Court to compel Judge Wettman to grant the writ of habeas corpus.

Under Texas Family Code Annotated, section 14.10(a), a court is required to grant a writ of habeas corpus if it finds that the relator is entitled to possession of a child by virtue of a court order.[1] We have held that mandamus is a proper remedy to compel enforcement of the relator's right to custody. *Lamphere v. Chrisman,* 554 S.W.2d 935 (Tex.1977).

 Respondents urge that the court properly denied the writ of habeas corpus. Even though a relator is entitled to possession of the children under a valid court order, the court has authority to issue an appropriate temporary order if there is "a serious immediate question concerning the welfare of the child." Tex.Fam.Code Ann. § 14.10(c). Respondents urge that there was evidence of such a serious immediate question. There was testimony that one of the boys had a fungus growth on his finger when he arrived for his summer visit. There is also testimony that the boys had lost one or two pounds between their visit at Easter and their arrival for summer vacation in July. Some other testimony concerned prior visits and was not relevant to determine danger of an *immediate* harm.

This Court discussed the meaning of "serious immediate question of the welfare of

the child" in *McElreath v. Stewart,* 545 S.W.2d 955 (Tex.1977). We stated: "The court contemplated a situation where the child was in imminent danger of physical or emotional harm and immediate action was necessary to protect the child." 545 S.W.2d at 958. The facts presented in this case show no "immediate danger of physical or emotional harm" which requires immediate action to protect the child.

 Respondents contend that this Court cannot disturb the district court's ruling because the statement of facts of the habeas corpus hearing is incomplete. Judge Wettman interviewed the two boys, who were not sworn as witnesses, in chambers without the presence of a court reporter. The court has authority to interview a child in a child custody suit. The Family Code provides that a recording shall be made on the motion of the judge or either party *when the child is twelve years of age or older.* Tex.Fam.Code Ann. § 14.07(c). We do not believe that the failure to make a record of the unsworn statements of these eight-year-old boys makes the record incomplete. Thus we need not presume that facts existed which allowed the judge discretion to deny the writ of habeas corpus.

Harry Forbes has a valid court order entitling him to possession of the twin boys. Respondents failed to show any exception to the rule that the trial court was therefore under a mandatory duty to grant the writ of habeas corpus.

It is assumed that Judge Wettman will vacate his order denying Harry Douglas Forbes' application for habeas corpus and that he will grant the requested writ. A writ of mandamus will issue only if he declines to do so.

---

1. Martha Forbes notes that the order of the Nueces County Domestic Relations Court was never formerly introduced into evidence. A copy certified by the Nueces County District clerk was, however, attached to the petition for habeas corpus which was before the court. Furthermore, Martha Forbes testified at the habeas corpus hearing that Harry Forbes was managing conservator of the two boys.