Judith SCHOENFELD, Relator,

v.

Honorable James C. ONION, District Judge, et al., Respondents.

No. C–1983.

Supreme Court of Texas.

April 6, 1983.

Schulman, Walheim & Beck, Robert A. Schulman, San Antonio, for relator.

Matt Garcia, San Antonio, for respondent.

PER CURIAM.

This is an original mandamus proceeding brought by Judith Schoenfeld, formerly Judith Marie Omillian, requesting a writ of mandamus directing the Honorable James C. Onion, District Judge of Bexar County, to grant a writ of habeas corpus returning the minor child Faithe Marie Omillian to Judith, the managing conservator. We conditionally grant the writ.

Schoenfeld and her former husband, Budd William Omillian, were divorced on March 16, 1979, in a Bexar County District Court. The decree named Judith managing conservator of their only child, Faithe Marie, who was then four years old. There have been no orders modifying that decree. No motion to modify the custody order was pending as of the date of the habeas corpus hearing.

In March 1983 the child was in the possession of her father. The father refused to return her to the mother, and Judith promptly filed an application for writ of habeas corpus. No cross-action for change of custody was filed in the proceeding. The six-month exception of section 14.10(b)(2) [1] that allows disregard of a prior conservatorship order was not raised.

Judge Onion heard the application on March 8, 1983. Judith demonstrated her right to possession based on the prior managing conservatorship order. On March 16, 1983, Judge Onion signed an order designated "TEMPORARY ORDER" denying the writ. The order recited:

"The Court finds that it is in the best interest of the child to deny Applicant's Writ of Habeas Corpus, pending further orders of this Court.

"The Court further finds that it is in the best interest of the child ... that she remain in the possession of the [father] ..., pending counseling and testing of the child and the parties by the San An-tonio Community Guidance Center, to determine whether or not there is a serious and immediate question concerning the welfare of the child."

The order further directed the parents to cooperate in the psychological testing and to share equally the expenses of the testing. The order further provides it "shall remain in effect until March 22, 1983."

The March 22 date has passed without further hearing and without further development of the case. There is no order finding an immediate serious question concerning the welfare of the child, and the temporary order expressly declined to find an immediate serious danger to the child.

The temporary investigation and possession orders, whatever their original validity, have now expired by the terms of the temporary order. But the denial of the writ of habeas corpus, based solely on "the best interest of the child," remains in effect "pending further orders of" the trial court.

Our court has repeatedly said that under section 14.10 a child custody habeas corpus proceeding may not be used to relitigate the custody order. The trial court may not deny the writ based on the best interests of the child. Upon proof of the prior order, absent dire emergency not raised here and which the court's order specifically declined to find, the grant of the writ of habeas corpus should be automatic, immediate, and ministerial, based upon proof of the bare legal right to possession. *Perry v. Scoggins,* 626 S.W.2d 302 (Tex.1981); *Marshall v. Wilson,* 616 S.W.2d 932 (Tex.1981); *Forbes v. Wettman,* 598 S.W.2d 231 (Tex. 1980); *Strobel v. Thurman,* 565 S.W.2d 238 (Tex.1978); *Saucier v. Pena,* 559 S.W.2d 654 (Tex.1977); *Lamphere v. Chrisman,* 554 S.W.2d 935 (Tex.1977). A temporary order denying the writ "in the best interest of the child" may not be used as a device to avoid the mandate of section 14.10.

The district court's order denying the writ of habeas corpus conflicts with section

1. All statutory references are to the Texas Family Code Annotated. All rule references are to the Texas Rules of Civil Procedure.

14.10 and the prior decisions of this court cited above. Because of this conflict, we grant leave to file the petition and, without hearing argument, hold that Schoenfeld is entitled to a writ of mandamus directing the Judge of the 285th District Court to grant Schoenfeld's application for writ of habeas corpus. Rule 483. The writ shall issue only if the district judge fails to act in accordance with this opinion.