Peggy Sue YOUNG, Relator,

v.

Honorable Ben MARTINEZ, Respondent.

No. 04–84–00449–CV.

Court of Appeals of Texas, San Antonio.

Oct. 31, 1984.

David Duran, Carrizo Springs, for relator.

Jim Parish, Houston, for respondent.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is an original mandamus proceeding brought by Peggy Sue Young, formerly Miller, requesting a writ of mandamus directing the Honorable Ben Martinez, District Judge, to grant a writ of habeas corpus returning the minor children, Sean Christopher Miller and Daylor Ian Miller, to Young, the managing conservator.

Peggy Sue Miller and her former husband, Arthur Garret Miller, were divorced on October 14, 1980. The decree named Peggy Sue Young managing conservator of the two minor children and Arthur Garret Miller as possessory conservator.

In July 1984, as the result of visitation privileges, the children were in the possession of their father, Arthur Garret Miller. Unable to secure their return, on July 27, 1984, Peggy Sue Young filed an application for writ of habeas corpus to compel return of the children to her pursuant to TEX. FAM.CODE ANN. § 14.10 (Vernon Supp. 1984).[1]

All parties were present and announced ready for the hearing on the writ on September 14, 1983, before Judge Martinez. Prior to any evidence being offered, interviews with the children were conducted in chambers with only Judge Martinez and the court reporter present. Immediately following the interviews when the proceedings began in open court, relator Young objected that she was being denied a hearing on her application for writ of habeas

---

1. All statutory references are to TEX.FAM. CODE ANN. (Vernon Supp.1984) unless otherwise indicated.

corpus. The court thereupon stated no hearing would be conducted and denied the relief requested by the writ of habeas corpus, commenting it found there existed a serious immediate question concerning the welfare of the children. Relator Young requested to make a bill of exceptions to show what testimony she would offer in support of the application for writ of habeas corpus. The court denied this request and informed relator that she could do that by affidavit. At relator's request, the court did note that no responsive pleadings had been filed on the application for the writ.

The trial court subsequently entered temporary orders appointing Arthur Garret Miller temporary managing conservator of the minor children and Peggy Sue Young temporary possessory conservator.

 Under § 14.10(a), a court is required to grant a writ of habeas corpus if it finds that the relator is entitled to possession of a child by virtue of a court order. *Forbes v. Wettman*, 598 S.W.2d 231 (Tex. 1980). The issues of best interest of the child and right of possession should not be relitigated in the habeas corpus proceeding. *Schoenfield v. Onion*, 647 S.W.2d 954 (Tex. 1983); *McElreath v. State*, 545 S.W.2d 955 (Tex.1977). The right of relator to possession of a child by virtue of a court order is enforceable by mandamus. *Forbes v. Wettman*, 598 S.W.2d at 232; *Almarez v. Williams*, 673 S.W.2d 923, 926 (Tex.App.— San Antonio 1984, no writ).

 It is equally true, however, that under § 14.10(c), the trial court has authority to issue a temporary order if there is a serious immediate question concerning the welfare of the child. *Forbes v. Wettman*, 598 S.W.2d at 232. Although the trial court has great discretion in issuing orders for the immediate protection of a child, such discretion is not limitless. *See McElreath v. State*, 545 S.W.2d at 958.

 Even if we assume in the instant case the trial court had sufficient evidence upon which to issue a temporary order for the immediate protection of the children

involved, this court is disturbed by the lack of a meaningful hearing. Of greater concern is the apparent finality of the so-called "temporary orders" entered. The very person who invoked the trial court's jurisdiction by filing the writ of habeas corpus, Young, was completely denied the opportunity to offer any evidence or even to make a bill of exceptions when the trial court denied relief, although she stood ready and willing to do so.

Recently this court has expressed its unfaltering belief in the fundamental right of a litigant to be heard under the due process clause of the United States and Texas Constitutions. *See Speed v. Guidry*, 668 S.W.2d 807 (Tex.App.—San Antonio 1984, no writ); *Jordan v. Jordan*, 653 S.W.2d 356 (Tex.App.—San Antonio 1983, no writ). "The right to be heard assures a full hearing before a court having jurisdiction of the matter, the right to introduce evidence at a meaningful time and in a meaningful manner, and to have judicial findings based upon that evidence." *Jordan v. Jordan*, 653 S.W.2d at 358. The denial of Young's right to be heard, together with the type of orders entered in this case by the trial court, serve to make the harm suffered more egregious.

 While we acknowledge the right of a trial court to enter temporary orders under § 14.10(c), such *temporary* orders should not have the force and effect of a final adjudication of custody. *See and compare Widner v. Pixley*, 439 S.W.2d 403 (Tex.Civ.App.—Beaumont 1969, no writ). Although the orders herein are labeled "temporary," a reading of these orders reveal that they effectually and completely transferred custody to Miller without a setting of any further hearing. Young's writ action was fully terminated, but a final adjudication of custody to Miller was effectuated under the guise of temporary orders. A later hearing on the matter was not contemplated. Thus the habeas corpus application was used to decide final custody. Under such circumstances, we find that the procedure utilized herein is not the type contemplated by § 14.10(c).

**364**

The order of the trial court denying the writ of habeas corpus is set aside and the trial court is directed to proceed to a full hearing on the merits of the writ to consider only those matters authorized under § 14.10. The orders previously entered by the trial court herein shall remain in effect pending final disposition of the writ. The writ of mandamus will issue only upon the trial court's failure to comply with this order.

ESQUIVEL, Justice, concurring in part and dissenting in part.

I concur in part and dissent in part with the result reached by the majority. I would reverse and render. I cannot agree that this cause should be remanded to the trial court for a hearing on the merits. A hearing on the merits has been held and it is the court's denial of the writ of habeas corpus that is before us.

It is undisputed that the relator herein was entitled to custody under the terms of a prior order awarding managing conservatorship to her. Further, the issue of dire emergency was not raised due to the absence of a pleading responding to relator's application for writ of habeas corpus filed in the court below. In light of the absence of allegations of a serious immediate question concerning the welfare of the children, the grant of the writ of habeas corpus should have been automatic, immediate and ministerial.

I would, therefore, hold that relator is entitled to a writ of mandamus directing the Honorable Ben Martinez, Judge of the 293rd District Court, to grant Young's application for writ of habeas corpus. TEX. R.CIV.P. 383.