**In re Sherry LEMONS.**

**No. 09–01–152–CV.**

Court of Appeals of Texas, Beaumont.

Submitted May 3, 2001.

Decided May 24, 2001.

---

16. In 1997, the Legislature repealed Article 5069–1.05, replacing it with TEX. FIN.CODE ANN.

§ 304.101 (Vernon Supp.2001).

Jeffery Randy Shelton, Jack Lawrence, Beaumont, for relator.

Rebecca R. Walton, Kountze, for real party in interest.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

PER CURIAM.

This is a mandamus action. Relator attacks temporary orders entered in a suit affecting the parent-child relationship. The real party in interest alleges this court has no jurisdiction since temporary orders in a suit affecting the parent-child relationship are not subject to interlocutory appeal.[1] However, mandamus has been held

---

1. § 105.001. Temporary Orders Before Final Order

(a) In a suit, the court may make a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order:

(1) for the temporary conservatorship of the child;

(2) for the temporary support of the child;

(3) restraining a party from molesting or disturbing the peace of the child or another party;

(4) prohibiting a person from removing the child beyond a geographical area identified by the court; or

(5) for payment of reasonable attorney's fees and expenses.

(b) Except as provided by Subsection (c), temporary restraining orders and temporary injunctions under this section shall be granted without the necessity of an affidavit or verified pleading stating specific facts showing that immediate and irreparable injury, loss, or damage will result before notice can be served and a hearing can be held. Except as provided by Subsection (h), an order may not be rendered under Subsection (a)(1), (2), or (5) except after notice and a hearing. A temporary restraining order or temporary injunction granted under this section need not:

(1) define the injury or state why it is irreparable;

(2) state why the order was granted without notice; or

(3) include an order setting the cause for trial on the merits with respect to the ultimate relief requested.

(c) Except on a verified pleading or an affidavit in accordance with the Texas Rules of

to be appropriate in these circumstances. *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex.1991); *In re Aubin*, 29 S.W.3d 199, 202 (Tex.App.—Beaumont 2000, no pet.).

Sherry Lemons and John Lemons were divorced in March, 1997. They were appointed Joint Managing Conservators of their daughter, Jayde Anne. Thereafter, John filed a motion to modify and an order was entered in March, 1998, which was virtually identical in its terms relating to access and possession with the March, 1997 decree. Under the 1998 order, Jayde was to live with John for a year, with the exception of "Spring Break, Christmas and Summer holidays," beginning May 31, 1999, and was to live with Sherry for a year, with the exception of "Spring Break, Christmas and Summer holidays," beginning May 31, 2000, and John and Sherry would then alternate every year thereafter. In June, 2000 John filed a second Motion to Modify and in August, 2000 an Amended Motion to Modify. This motion alleged that "circumstances of the child or a person affected by the order to be modified have materially and substantially changed since the rendition of the order." The motion further alleged that "[t]he terms and conditions for possession and access by Petitioner are not in substantial compliance with a standard possession or-

der ...." The relief requested was access or possession of the child be modified as provided by the Texas Family Code. The motion also requested the entry of temporary orders. The court held a hearing and thereafter entered the temporary orders, the subject of this mandamus.

The temporary orders stated, in pertinent part:

Findings

The court finds, after listening to the evidence, that the access and possession provisions of the Final Decree of Divorce shall be modified and that the modification of those provisions is in the best interest of the child, the subject of this suit. IT IS ORDERED that access to and possession of the child be modified as follows:

Conservatorship

Joint managing conservatorship of the parties, JOHN LEMONS and SHERRY MARIE LEMONS remains in effect as set forth in the Final Decree of Divorce. The Court specifically ORDERS that there shall be no modification of the Joint Managing Conservatorship and all rights, powers and duties that the parties currently possess.

*Possession Provisions.*

---

Civil Procedure, an order may not be rendered:

    (1) attaching the body of the child;

    (2) taking the child into the possession of the court or of a parent designated by the court; or

    (3) excluding a parent from possession of or access to a child.

    (d) In a suit, the court may dispense with the necessity of a bond in connection with temporary orders on behalf of the child.

    (e) Temporary orders rendered under this section are not subject to interlocutory appeal.

    (f) The violation of a temporary restraining order, temporary injunction, or other temporary order rendered under this section is pun-

ishable by contempt and the order is subject to and enforceable under Chapter 157.

    (g) The rebuttable presumptions established in favor of the application of the guidelines for a child support order and for the standard possession order under Chapters 153 and 154 apply to temporary orders. The presumptions do not limit the authority of the court to render other temporary orders.

    (h) An order under Subsection (a)(1) may be rendered without notice and an adversary hearing if the order is an emergency order sought by a governmental entity under Chapter 262.

TEX.FAM.CODE ANN. § 105.001 (Vernon 1996 & Supp.2001).

IT IS ORDERED and the Court so joins in the recommendation of the Guardian Ad Litem, Mr. Jesse English, and therefore modifies the access and possession of the child, JAYDE ANNE LEMONS as follows:

The child shall remain in Hardin County, Texas with the father, JOHN LEMONS; the child's residence shall remain at 6761 Tannery Rd., Silsbee, Hardin County, Texas; the child's school shall continue to be in the Vidor Independent School District.

The mother, SHERRY MARIE LEMONS shall have visitation with the child whenever possible; SHERRY MARIE LEMONS shall give at least one (1) week's advance notice to JOHN LEMONS of any visitation she intends to exercise with the child, JAYDE ANNE LEMONS. It is the intent of this Court that SHERRY MARIE LEMONS have very free access to the child, JAYDE ANNE LEMONS, considering the mother's residence is located in the State of California. All other orders regarding travel shall be those set out in the Final Decree of Divorce, of which the parties have been abiding.

Sherry Lemons raises the following issues:

I.   The trial court's orders, read in light of its previous rulings on what said orders would contain, have "the effect of" changing the court's previous designation of relator as joint managing conservator in violation of Texas Family Code § 156.006(b)

II.   The trial court's temporary orders, by rendering relator's exercise of possessory rights with her child impracticable or futile, so unduly restrict relator's rights under the First, Ninth and Fourteenth Amendments of the United States Constitution, to a meaningful relationship with her child, as to entitle [her] to mandamus relief.

III.   The failure of the movant for temporary orders in the trial court, Mr. Lemons, to post a bond pursuant to Rule 684, T.R.C.P., makes the trial court's temporary orders void, and incapable of entry, entitling relator to mandamus relief.

IV.   The parties' irrevocable mediated settlement agreement and rule 11 stipulation, dedicated at length to setting terms of possession and access to parties' child Jayde, cannot now be set aside, particularly where it has never been given a chance to work for relator.

Regarding issue four, the rule 11 agreement referred to is the agreed mediation regarding the original divorce decree. To accept Relator's argument would make Texas Family Code § 156.001 [2] meaningless. This issue is overruled.

■ We consider issues one and two together. The court specifically held it was not changing the joint managing conservatorship but merely changing access to and possession of the child; therefore the order is technically not in violation of Texas Family Code § 156.006 .[3] Furthermore,

---

2.   § 156.001. Orders Subject to Modification

A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child. TEX.FAM.CODE ANN. § 156.001 (Vernon 1996).

3.   § 156.006. Temporary Orders

(a) Except as provided by Subsection (b), the court may render a temporary order in a suit for modification.

(b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of a sole or joint managing conservator appointed in a final order unless:

it appears the court was seeking liberal, free access to the child by Sherry. However, the order does not state in clear and unambiguous terms what John Lemons must do to comply with the judgment and thus, is unenforceable by Sherry. *See Ex parte Brister,* 801 S.W.2d 833, 834–35 (Tex.1990). Instead, it gives John complete discretion to determine when, where, and if Sherry may have possession of or access to the child. This absolute discretion and the lack of enforceability is effectively a denial of Sherry's right to visitation with her child. *Roosth v. Roosth,* 889 S.W.2d 445, 452 (Tex.App.—Houston [14th Dist.] 1994, writ denied). The trial court abused its discretion in entering such an order.

Though not vital to the resolution of this case, we address issue three. The order does not contain any requirement for a bond nor any specific language dispensing with the necessity of a bond in connection with the temporary orders. It should contain one or the other. We assume any new temporary orders will do so.

We conditionally grant the writ and order the trial court to vacate its order of February 26, 2001.[4] The writ will issue only if the trial court refuses to do so.

WRIT CONDITIONALLY GRANTED.

(1) the order is necessary because the child's present living environment may endanger the child's physical health or significantly impair the child's emotional development;

(2) the child's managing conservator has voluntarily relinquished the actual care, control, and possession of the child for more than six months and the temporary order is in the best interest of the child; or

(3) the child is 10 years of age or older and has filed with the court in writing the name of the person who is the child's choice for managing conservator and the temporary order naming that person as managing conservator is in the best interest of the child.

TEX.FAM.CODE ANN. § 156.006 (Vernon Supp. 2001).

4. Obviously the trial court may enter new temporary orders that comply with this opinion.