**In re Stephen M. LAU, Relator.**

No. 01–02–00889–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 24, 2002.

Sallee S. Smyth, Short & Jenkins, L.L.P., Houston, for Relator.

William R. Zweifel, Zweifel & Associates, Houston, for Real Party In Interest.

Panel consists of Justices NUCHIA, JENNINGS, and RADACK.

## OPINION

SAM NUCHIA, Justice.

Relator, Stephen M. Lau, seeks a writ of mandamus complaining of an August 9, 2002 order entered by respondent,[1] denying relator's petition for writ of habeas corpus for possession of his 16–year–old daughter pursuant to the terms of a 1991 divorce decree. We requested a response to the petition, but none has been received. *See* Tex.R.App. P. 52.4, 52.8(b). Without hearing oral argument, we conditionally grant relator's petition. *See* Tex.R.App. P. 52.8(c).

Under the terms of the 1991 decree, relator was appointed sole managing conservator of the child. The child's mother, real party in interest Martha G. Huffman, was appointed possessory conservator. Huffman refused to return the child to relator following Huffman's summer period of possession, which ended July 31, 2002 at 6 p.m. Relator filed a petition for writ of habeas corpus seeking the return of his daughter. A hearing was held, at the end of which the trial court denied relator's petition and signed a written order, which stated:

> Upon testimony and evidence presented, the Court finds upon a preponderance of the evidence and credible testimony that the Petition for Writ of Habeas Corpus is denied.
>
> The child ... may live with her mother ... until further order of the Court.

 Mandamus may issue to correct the erroneous denial of a writ of habeas corpus seeking possession of a minor pursuant to a valid court order. *See Schoenfeld v. Onion,* 647 S.W.2d 954, 956 (Tex. 1983) (orig.proceeding) (per curiam). Habeas proceedings may not be used to liti-

---

1. The Honorable Joseph Ann Ottis, visiting judge of the 312th District Court of Harris County, Texas. The underlying lawsuit is *In* *the Interest of Natalie Nicole Lau, a child,* trial court cause no. 91–25225A.

gate modification of custody orders. *Id.* at 955. Instead, habeas corpus proceedings to regain custody pursuant to a prior court order are governed by section 157.372(a) of the Texas Family Code, which states:

> Subject to Chapter 152 and the Parental Kidnapping Prevention Act (28 U.S.C. Section 1738A), if the right to possession of a child is governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator only if the court finds that the relator is entitled to possession under the order.

TEX. FAM.CODE ANN. § 157.372(a) (Vernon 2002). The Texas Supreme Court has construed this statute to require that,

> absent dire emergency . . . , the grant of the writ of habeas corpus should be automatic, immediate, and ministerial, based upon proof of the bare legal right to possession.

*Schoenfeld,* 647 S.W.2d at 955.

Once the prior order governing the right of possession is established, the only exception relevant here is whether it is shown there is "a serious and immediate question concerning the welfare of the child." *See Rocha v. Schuble,* 809 S.W.2d 681, 682–83 (Tex.App.-Houston [14th Dist.] 1991, orig. proceeding). This exception is authorized by section 157.374 of the Family Code, which provides:

> Notwithstanding any other provision of this subchapter, the court may render an appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

TEX. FAM.CODE ANN. § 157.374 (Vernon 2002).

■ The Texas Supreme Court has defined "serious immediate question" to mean imminent danger of physical or emotional harm that requires immediate action to protect the child. *Forbes v. Wettman,* 598 S.W.2d 231, 232 (Tex.1980) (orig.proceeding). A trial court abuses its discretion in denying a petition for writ of habeas corpus by the party with the legal right to possession unless it finds upon sufficient evidence that the child was in imminent danger of physical or emotional harm. *Id.* at 232; *Rocha,* 809 S.W.2d at 683.

■ Further, the Texas Supreme Court requires the trial court to issue a written temporary order containing a finding that there is a serious and immediate question concerning the welfare of the child when denying a petition for writ of habeas corpus; an oral finding is not sufficient. *See M.R.J. v. Vick,* 753 S.W.2d 526, 528 (Tex. App.-Fort Worth 1988, orig. proceeding) (citing *Whatley v. Bacon,* 649 S.W.2d 297, 299 (Tex.1983) and *McElreath v. Stewart,* 545 S.W.2d 955, 958 (Tex.1977)).

Here, the trial court orally announced a finding that there was a serious immediate question concerning the welfare of the child. However, there is no such finding in the trial court's written order. Therefore, the trial court abused its discretion in this procedural context, and relator is entitled to mandamus relief. *See M.R.J.,* 753 S.W.2d at 529.

■ Moreover, we note the trial court should enter an *appropriate* temporary order. *See* TEX. FAM.CODE ANN. § 157.374 (Vernon 2002). A temporary order should not be a final adjudication of custody. *See Young v. Martinez,* 685 S.W.2d 361, 363 (Tex.App.-San Antonio 1984, orig. proceeding). The order herein completely transferred custody to Huffman without setting any further hearing. Relator's writ action was fully terminated, and a final adjudication of custody to Huffman was effectuated. *See Id.* at 363. Further, the order in this case does not provide for any visitation by relator, not even supervised visita-

tion, and is, therefore, an improper denial of relator's right to visitation with his child. *See In re Lemons,* 47 S.W.3d 202, 206 (Tex.App.-Beaumont 2001, orig. proceeding) (holding the trial court abused its discretion in entering a temporary order that effectively denied visitation to the father because it was unenforceable).

The trial court abused its discretion in failing to enter an appropriate temporary order defining, at a minimum, relator's temporary rights to possession and setting a further hearing.

■ Relator also argues there is insufficient evidence of a serious immediate question concerning the welfare of the child to support the trial court's denial of relator's petition for writ of habeas corpus. Huffman testified at the hearing that relator had, on one occasion more than 30 days before the hearing, become angry and forcefully grabbed *her* by the shoulders and shoved *her* out the door of his house in the presence of the child's brother and sister. Huffman further testified that the child's sister had become upset at witnessing the incident and that relator had then grabbed the sister by the arm and shoved her into his vehicle. Huffman also testified that relator then drove over and tried to retrieve the child from a friend's house. However, Huffman gave no testimony regarding any *imminent* danger of physical or emotional harm to the child that required immediate action to protect the child.

Although we conclude there is insufficient evidence of a serious immediate question in the record of the hearing, we note that the trial court interviewed the child and her older sister in camera. No record was requested or made of these in camera interviews. Relator argues that, in spite of the lack of a record of the interviews, we should not presume facts existed that

allowed the trial court discretion to find a serious immediate question, citing *Forbes.*

*Forbes* is similar to the present case. There, the father had also been appointed sole managing conservator, and the mother refused to return twin eight-year-old boys to the father at the end of her summer period of possession. When the father filed a petition for writ of habeas corpus, the trial court denied the petition, and the father filed a petition for writ of mandamus. As here, the reporter's record of the hearing on the habeas proceeding contained no evidence of imminent danger to the children, but the trial court had also interviewed the children in chambers, and there was no request for a court reporter to record the interviews.

The mother argued that the trial court's order could not be disturbed because the record was incomplete. The Texas Supreme Court noted the trial court was authorized by the Family Code to interview children in chambers in a custody suit and stressed that a record of the interviews was *required* by the Family Code on motion of the judge or either party *only when the children were 12 or older.* Because in *Forbes* the children interviewed were only 8 years old, the Court held:

> We do not believe that the failure to make a record of the unsworn statements of these eight-year-old boys makes the record incomplete. Thus we need not presume that facts existed which allowed the judge discretion to deny the writ of habeas corpus.

*Id.,* 598 S.W.2d at 232.

Here, in contrast, the child and her sister were 16 and 17 years old, respectively, within the Family Code mandate that a record, if requested, be made of an in-chambers interview of children in a custo-

dy suit.[2] Controlled by the reasoning of the Texas Supreme Court in *Forbes,* we conclude that the failure to make a record of the interviews of the 16–year–old child and her 17–year–old sister does make the record incomplete in this case. We must presume facts existed that allowed the judge to find serious immediate question regarding the welfare of the child existed. *See Voros v. Turnage,* 856 S.W.2d 759, 763 (Tex.App.-Houston [1st Dist.] 1993, writ denied) (holding, in a custody suit, that the failure of a party to request a record of an interview of a child in chambers waives the requirement and that the reviewing court will presume the evidence is sufficient to support the judge's findings).

We direct the trial court to vacate its order of August 9, 2002, denying relator's petition for writ of habeas corpus. Immediately thereafter, the trial court must either make the required written finding of serious immediate question in an appropriate temporary order consistent with this opinion or grant relator's petition for writ of habeas corpus. We are confident the trial court will comply with our order. Mandamus will issue only if the trial court fails to do so.

---

**2.** "Although a habeas corpus proceeding is not a suit affecting the parent-child relationship, the court may refer to the provisions of this title for definitions and procedures *as appropriate.*" TEX. FAM.CODE ANN. § 157.371(b) (Vernon 2002) (emphasis added). One such provision is section 153.009, Interview of Child in Chambers, which provides:

(a) In a nonjury trial the court may interview the child in chambers to determine the child's wishes as to conservatorship.

(b) When the issue of managing conservatorship is contested, on the application of a party, the court shall interview a child 12 years of age or older and may interview a child under 12 years of age. Interviewing a child does not diminish the discretion of the court.

(c) The court may permit the attorney for a party or the attorney ad litem for the child to be present at the interview.

(d) On the motion of a party or on the court's own motion, the court shall cause a record of the interview to be made when the child is 12 years of age or older. A record of the interview shall be part of the record in the case.

TEX. FAM.CODE ANN. § 153.009 (Vernon 2002).