Opinion issued October 24, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00889-CV

____________


IN RE STEPHEN M. LAU, Relator







Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relator, Stephen M. Lau, seeks a writ of mandamus complaining of an August
9, 2002 order entered by respondent, (1) denying relator's petition for writ of habeas
corpus for possession of his 16-year-old daughter pursuant to the terms of a 1991
divorce decree. We requested a response to the petition, but none has been received. 
See Tex. R. App. P. 52.4, 52.8(b). Without hearing oral argument, we conditionally
grant relator's petition. See Tex. R. App. P. 52.8(c).

 Under the terms of the 1991 decree, relator was appointed sole managing
conservator of the child. The child's mother, real party in interest Martha G.
Huffman, was appointed possessory conservator. Huffman refused to return the child
to relator following Huffman's summer period of possession, which ended July 31,
2002 at 6 p.m. Relator filed a petition for writ of habeas corpus seeking the return of
his daughter. A hearing was held, at the end of which the trial court denied relator's
petition and signed a written order, which stated:

 Upon testimony and evidence presented, the Court finds upon a
preponderance of the evidence and credible testimony that the Petition
for Writ of Habeas Corpus is denied.


 The child . . . may live with her mother . . . until further order of
the Court.


 Mandamus may issue to correct the erroneous denial of a writ of habeas corpus
seeking possession of a minor pursuant to a valid court order. See Schoenfeld v.
Onion, 647 S.W.2d 954, 956 (Tex. 1983) (orig. proceeding) (per curiam). Habeas
proceedings may not be used to litigate modification of custody orders. Id. at 955. 
Instead, habeas corpus proceedings to regain custody pursuant to a prior court order
are governed by section 157.372(a) of the Texas Family Code, which states:

 Subject to Chapter 152 and the Parental Kidnapping Prevention Act (28
U.S.C. Section 1738A), if the right to possession of a child is governed
by a court order, the court in a habeas corpus proceeding involving the
right to possession of the child shall compel return of the child to the
relator only if the court finds that the relator is entitled to possession
under the order.


Tex. Fam. Code Ann. § 157.372(a) (Vernon 2002). The Texas Supreme Court has
construed this statute to require that,

 absent dire emergency . . . , the grant of the writ of habeas corpus should
be automatic, immediate, and ministerial, based upon proof of the bare
legal right to possession.


Schoenfeld, 647 S.W.2d at 955.

 Once the prior order governing the right of possession is established, the only
exception relevant here is whether it is shown there is "a serious and immediate
question concerning the welfare of the child." See Rocha v. Schuble, 809 S.W.2d
681, 682-83 (Tex. App.--Houston [14th Dist.] 1991, orig. proceeding). This
exception is authorized by section 157.374 of the Family Code, which provides:

 Notwithstanding any other provision of this subchapter, the court may
render an appropriate temporary order if there is a serious immediate
question concerning the welfare of the child.


Tex. Fam. Code Ann. § 157.374 (Vernon 2002).

 The Texas Supreme Court has defined "serious immediate question" to mean
imminent danger of physical or emotional harm that requires immediate action to
protect the child. Forbes v. Wettman, 598 S.W.2d 231, 232 (Tex. 1980) (orig.
proceeding). A trial court abuses its discretion in denying a petition for writ of
habeas corpus by the party with the legal right to possession unless it finds upon
sufficient evidence that the child was in imminent danger of physical or emotional
harm. Id. at 232; Rocha, 809 S.W.2d at 683. 

 Further, the Texas Supreme Court requires the trial court to issue a written
temporary order containing a finding that there is a serious and immediate question
concerning the welfare of the child when denying a petition for writ of habeas corpus;
an oral finding is not sufficient. See M.J.R. v. Vick, 753 S.W.2d 526, 528 (Tex.
App.--Fort Worth 1988, orig. proceeding) (citing Whatley v. Bacon, 649 S.W.2d 297,
299 (Tex. 1983) and McElreath v. Stewart, 545 S.W.2d 955, 958 (Tex. 1977)).

 Here, the trial court orally announced a finding that there was a serious
immediate question concerning the welfare of the child. However, there is no such
finding in the trial court's written order. Therefore, the trial court abused its
discretion in this procedural context, and relator is entitled to mandamus relief. See
M.J.R., 753 S.W.2d at 529.

 Moreover, we note the trial court should enter an appropriate temporary order. 
See Tex. Fam. Code Ann. § 157.374 (Vernon 2002). A temporary order should not
be a final adjudication of custody. See Young v. Martinez, 685 S.W.2d 361, 363 (Tex.
App.--San Antonio 1984, orig. proceeding). The order herein completely transferred
custody to Huffman without setting any further hearing. Relator's writ action was
fully terminated, and a final adjudication of custody to Huffman was effectuated. See
Id. at 363. Further, the order in this case does not provide for any visitation by
relator, not even supervised visitation, and is, therefore, an improper denial of
relator's right to visitation with his child. See In re Lemons, 47 S.W.3d 202, 206
(Tex. App.--Beaumont 2001, orig. proceeding) (holding the trial court abused its
discretion in entering a temporary order that effectively denied visitation to the father
because it was unenforceable). 

 The trial court abused its discretion in failing to enter an appropriate temporary
order defining, at a minimum, relator's temporary rights to possession and setting a
further hearing.

 Relator also argues there is insufficient evidence of a serious immediate
question concerning the welfare of the child to support the trial court's denial of
relator's petition for writ of habeas corpus. Huffman testified at the hearing that
relator had, on one occasion more than 30 days before the hearing, become angry and
forcefully grabbed her by the shoulders and shoved her out the door of his house in
the presence of the child's brother and sister. Huffman further testified that the
child's sister had become upset at witnessing the incident and that relator had then
grabbed the sister by the arm and shoved her into his vehicle. Huffman also testified
that relator then drove over and tried to retrieve the child from a friend's house. 
However, Huffman gave no testimony regarding any imminent danger of physical or
emotional harm to the child that required immediate action to protect the child.

 Although we conclude there is insufficient evidence of a serious immediate
question in the record of the hearing, we note that the trial court interviewed the child
and her older sister in camera. No record was requested or made of these in camera
interviews. Relator argues that, in spite of the lack of a record of the interviews, we
should not presume facts existed that allowed the trial court discretion to find a
serious immediate question, citing Forbes.

 Forbes is similar to the present case. There, the father had also been appointed
sole managing conservator, and the mother refused to return twin eight-year-old boys
to the father at the end of her summer period of possession. When the father filed a
petition for writ of habeas corpus, the trial court denied the petition, and the father
filed a petition for writ of mandamus. As here, the reporter's record of the hearing
on the habeas proceeding contained no evidence of imminent danger to the children,
but the trial court had also interviewed the children in chambers, and there was no
request for a court reporter to record the interviews. 

 The mother argued that the trial court's order could not be disturbed because
the record was incomplete. The Texas Supreme Court noted the trial court was
authorized by the Family Code to interview children in chambers in a custody suit and
stressed that a record of the interviews was required by the Family Code on motion
of the judge or either party only when the children were 12 or older. Because in
Forbes the children interviewed were only 8 years old, the Court held:

 We do not believe that the failure to make a record of the unsworn
statements of these eight-year-old boys makes the record incomplete. 
Thus we need not presume that facts existed which allowed the judge
discretion to deny the writ of habeas corpus.


Id., 598 S.W.2d at 232. 


 Here, in contrast, the child and her sister were 16 and 17 years old,
respectively, within the Family Code mandate that a record, if requested, be made of
an in-chambers interview of children in a custody suit. (2) Controlled by the reasoning
of the Texas Supreme Court in Forbes, we conclude that the failure to make a record
of the interviews of the 16-year-old child and her 17-year-old sister does make the
record incomplete in this case. We must presume facts existed that allowed the judge
to find serious immediate question regarding the welfare of the child existed. See
Voros v. Turnage, 856 S.W.2d 759, 763 (Tex. App.--Houston [1st Dist.] 1993, writ
denied) (holding, in a custody suit, that the failure of a party to request a record of an
interview of a child in chambers waives the requirement and that the reviewing court
will presume the evidence is sufficient to support the judge's findings).

 We direct the trial court to vacate its order of August 9, 2002, denying relator's
petition for writ of habeas corpus. Immediately thereafter, the trial court must either
make the required written finding of serious immediate question in an appropriate
temporary order consistent with this opinion or grant relator's petition for writ of
habeas corpus. We are confident the trial court will comply with our order. 
Mandamus will issue only if the trial court fails to do so.


 Sam Nuchia

 Justice



Panel consists of Justices Nuchia, Jennings, and Radack.

Publish. Tex. R. App. P. 47.4.
1. The Honorable Joseph Ann Ottis, visiting judge of the 312th District Court
of Harris County, Texas. The underlying lawsuit is In the Interest of Natalie Nicole
Lau, a child, trial court cause no. 91-25225A.
2. "Although a habeas corpus proceeding is not a suit affecting the parent-child
relationship, the court may refer to the provisions of this title for definitions and
procedures as appropriate." Tex. Fam. Code Ann. § 157.371(b) (Vernon 2002)
(emphasis added). One such provision is section 153.009, Interview of Child in
Chambers, which provides:


 (a) In a nonjury trial the court may interview the child in
chambers to determine the child's wishes as to conservatorship.


 (b) When the issue of managing conservatorship is contested, on
the application of a party, the court shall interview a child 12 years of
age or older and may interview a child under 12 years of age. 
Interviewing a child does not diminish the discretion of the court.


 (c) The court may permit the attorney for a party or the attorney
ad litem for the child to be present at the interview.


 (d) On the motion of a party or on the court's own motion, the
court shall cause a record of the interview to be made when the child is
12 years of age or older. A record of the interview shall be part of the
record in the case.


Tex. Fam. Code Ann. § 153.009 (Vernon 2002).