NO. 07-02-0225-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 22, 2002



______________________________




ENRIQUE JAVIER MARTINEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13982-0102; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

 Pursuant to a plea of guilty, appellant Enrique Javier Martinez was convicted of forgery
and punishment was assessed at two years confinement and a $750 fine. However, the
period of confinement was suspended and appellant was placed on community supervision
for two years. Upon the State's application, community supervision was revoked for violations
of the terms and conditions thereof and the original punishment of two years confinement was
imposed. In presenting this appeal, counsel has filed an Anders (2) brief in support of a motion
to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted
and the judgment is affirmed. 

 In support of his motion to withdraw, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has
diligently reviewed the record and, in his opinion, the record reflects no meritorious ground
on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there is no error in the
court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro se
brief. Although appellant filed a letter brief, he does not raise any meritorious issues for
appeal as required by Tex. R. App. P. 38.1, and as such, it will not be considered here. The
State did not favor us with a brief. 

 A review of the record shows that on July 16, 2001, appellant pled guilty to forgery and
was placed on community supervision for two years and assessed a $750 fine. Upon the
State's motion to revoke community supervision alleging three violations of the terms and
conditions thereof, the trial court conducted a hearing on April 29, 2002. Appellant entered
a plea of true to the allegations made by the State and evidence was presented as well. 
Based on appellant's plea of true to the allegations and the evidence presented, the trial court
revoked community supervision and imposed the original sentence of two years confinement
and a $750 fine. 

 Appellate review of a revocation order is limited to determining whether the trial court
abused its discretion. Cardona v. State, 665 S.W.2d 492, 493 (Tex.Cr.App. 1984); Jackson
v. State, 645 S.W.2d 303, 305 (Tex.Cr.App. 1983). In a revocation proceeding, the State
must prove by a preponderance of the evidence that appellant violated a condition of
community supervision as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d 871,
874 (Tex.Cr.App. 1993). If the State fails to meet its burden of proof, the trial court abuses
its discretion in revoking community supervision. Cardona, 665 S.W.2d at 494. In
determining the sufficiency of the evidence to sustain a revocation, we view the evidence in
the light most favorable to the trial court's ruling. Jones v. State, 589 S.W.2d 419, 421
(Tex.Cr.App. 1979). Although one sufficient ground for revocation supports the trial court's
order, Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980), a plea of true standing alone
is sufficient to support the trial court's revocation order. Moses v. State, 590 S.W.2d 469,
470 (Tex.Cr.App. 1979). 

 By the Anders brief, counsel argues the evidence was legally and factually insufficient
for the trial court to find appellant violated the terms and conditions of his community
supervision. Although this is argued as a legal and factual sufficiency point, we are guided
by the abuse of discretion standard mentioned above. Appellant signed a written stipulation
of evidence which acknowledged that the acts and allegations in the application to revoke
probation were true and entered a plea of true to the allegations contained in the State's
motion to revoke. Also, the trial court found that appellant's plea of true was freely,
voluntarily, knowingly, and intelligently made. In addition, appellant's community supervision
officer testified he failed to report several times and evidence was also presented that
appellant was delinquent in payment of his fees and behind in his hours of community service,
and appellant testified to these matters as well. Based on the record before this Court, we
find the trial court acted within its discretion in revoking appellant's community supervision. 


 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore,
frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d
577, 578 (Tex.Cr.App. 1972). 

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed. 

 

 Don H. Reavis


 Justice


 

Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



t of mandamus, the writ issues to correct a clear abuse
of discretion or the violation of a duty imposed by law. Canadian Helicopters Ltd. v. Wittig,
876 S.W.2d 304, 305 (Tex. 1994). A court abuses its discretion when it acts unreasonably,
arbitrarily, or without reference to any guiding rules and principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 

 In its resolution of factual issues, a court abuses its discretion if it rules without
supporting evidence, see Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998), or if it rules
contrary to evidence on which the court could reasonably have reached only one
conclusion. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); see GTE
Communication Sys. Corp. v. Tanner, 856 S.W.2d 725, 729 (Tex. 1993). A court also may
abuse its discretion by issuing an order that is beyond the court's authority. McElreath, 545
S.W.2d at 958-59; Klein v. Cain, 676 S.W.2d 165, 170 (Tex.App.-Amarillo 1984, orig.
proceeding). 

 Relator argues that the trial court had before it no evidence of any immediate threat
of physical or emotional harm to Reagan. In support of her argument, relator points to the
conclusions reached by Dr. Skinner and CPS favoring Reagan's return to her mother
pending completion of the CPS investigation. Relator's argument ignores, though, Bree's
unchallenged testimony of Reagan's statement about "licks" and the evidence of Reagan's
similar statements during the CPS interviews. The evidence before the court included
speculation about what Reagan may have meant by the statements, including suggestions
that she may have been using the term to refer to spankings, or to bodily touching
occurring in the normal course of care of the child. But the evidence was not such as to
mandate only one reasonable conclusion as to what the three-year-old was referring when
she uttered the statements. Given their worst interpretation, the statements clearly would
support a conclusion that Reagan's presence in the Nelson home subjected her to the
threat of harm, emotional if not physical.

 Relator also points out what she sees as an inconsistency between the trial court's
finding a serious immediate question about Reagan's welfare and the terms of the court's
temporary order permitting her unsupervised possession by relator. Assuming relator is
correct that the two are inconsistent, the inconsistency does not suggest that the court's
finding resulted from an abuse of discretion; at most, it would bring into question the
appropriateness of the terms of the court's temporary order. 

 A court's authority to set temporary orders for immediate protection of a child is not
limitless, and the temporary order under section 157.374 should not be a final adjudication
of custody. In re Lau, 89 S.W.3d 757, 759 (Tex.App.-Houston [1st Dist.] 2002, orig.
proceeding); Young v. Martinez, 685 S.W.2d 361, 363 (Tex.App.-San Antonio 1984, orig.
proceeding). Kathie Duenes testified that the CPS investigation was incomplete. Dr.
Skinner's report also called for more information. The trial court's October 14 order states
the trial court's intention to enter an additional order concerning evaluation of the child and
related matters, and states that the temporary orders are to remain in effect until
conclusion of the investigation and evaluation of the pending allegations, as determined
by further order of the court. The record before us does not indicate that the trial court has
entered additional orders, but relator's petition does not suggest that those terms of the
court's order exceeded the court's authority or otherwise involved an abuse of the court's
discretion.

 Concluding that the trial court did not abuse its discretion by making the finding that
there existed a serious immediate question about the child's welfare, we deny relator's
petition for writ of mandamus.

 Per Curiam 

1. For clarity, we will hereafter refer to Krista Glover Nelson as relator, and will refer
to the real party in interest, and to the spouses of both, by their given names.