

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-24-00080-CV

## IN RE JACOB AARON SNEED

_____

## Original Proceeding

_____

### From the 249th District Court
### Johnson County
### Trial Court No. DC-D202400034

_____

## MEMORANDUM  OPINION

_____

In this original proceeding, Relator, Jacob Aaron Sneed, complains of the trial court's denial of his petition for habeas corpus by which he attempted to obtain custody of his son. He further contends the trial court abused its discretion by determining it has temporary emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act and issuing a temporary order denying him possession of his son. We deny in part, and conditionally grant in part, Relator's petition for writ of mandamus.

## Background

Relator and his wife, Alicia, had resided together in Texas but, in 2013, Relator and their minor son, A.W.J.S., moved to Missouri while Alicia remained in Texas. Relator and Alicia were divorced in Missouri in 2016. Relator was awarded sole legal and physical custody of A.W.J.S., who was six years old at the time of the divorce. Relator and Alicia were awarded joint legal and physical custody of their other minor son, P.J.W.B, who was one year old at the time of the divorce. Relator was named sole residential custodian of A.W.J.S., while Alicia was named residential custodian of P.J.W.B. Each parent had the right of visitation. Neither was required to pay child support.

Alicia married Kelvin Michael Burgess and they were living in Johnson County, Texas. The Texas Department of Family and Protective Services notified Relator to inform him that Alicia died in December 2023. On January 8, 2024, Burgess filed an Original Petition in Suit Affecting the Parent-Child Relationship in Johnson County, trial court cause number DC-D202400021. He sought to be temporary sole managing conservator for P.J.W.B.

Seeking possession of P.J.W.B. pursuant to the 2016 Missouri divorce decree, Relator filed his petition for writ of habeas corpus in the same district court in Johnson County, trial court cause number DC-D202400034. A January 18, 2024 docket entry indicates the court denied the petition. Burgess filed an amended petition requesting the court exercise temporary emergency jurisdiction and seeking to modify the Missouri

custody order. Thereafter, in cause number DC-D2024-00021, Relator contested jurisdiction and asked the court to reconsider his petition for habeas corpus.

The court granted Burgess's temporary restraining order, denying Relator access to P.J.W.B. At the hearing, the court opened by stating, "Court calls DC-C202400021" and heard testimony from both sides. The trial court considered evidence on Relator's motion to reconsider his petition for habeas corpus during the hearing on temporary orders in Burgess's suit affecting the parent-child relationship.

The day after the hearing, the court signed its written findings in cause number DC-D202400021. It found that Relator relinquished possession of P.J.W.B. for almost nine years prior to filing the petition for habeas corpus and denied Relator's request to return P.J.W.B. to Relator. The court took temporary emergency jurisdiction of the child under Texas Family Code Section 152.204, ordered P.J.W.B. to remain in Johnson County, and stayed the proceedings until the Missouri court determines if it will retain jurisdiction.[1]

### Petition for Writ of Mandamus

In his petition for writ of mandamus, Relator contends the trial court abused its discretion by denying his petition for writ of habeas corpus concerning the proper legal

---

[1] A petition for writ of mandamus attacking a lower court order must be accompanied by a certified or sworn copy of the order complained of, or any other document showing the matter complained of. TEX. R. APP. P. 52.3(k)(1)(A). Here, neither the order denying Sneed's petition for habeas corpus, nor the order denying his motion for reconsideration of his petition, nor the emergency temporary order appears in the record. However, the trial court's orders are adequately reflected in the record, making a formal written order unnecessary. *See* TEX. R. APP. P. 52.3(k)(1)(A); *In re Mata*, 212 S.W.3d 597, 604 (Tex. App.—Austin 2006) (orig. proceeding).

custodian of P.J.W.B.  Furthermore, Relator asserts the trial court did not have temporary emergency jurisdiction over P.J.W.B. and, therefore, the trial court's temporary order is void.[2]

STANDARD OF REVIEW

Mandamus is an extraordinary remedy, available only when the relator can show both that (1) the trial court clearly abused its discretion or violated a duty imposed by law; and (2) there is no adequate remedy by way of appeal.  *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam).  A trial court has no discretion in determining what the law is or in applying the law to the particular facts.  *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion.  *Id*.  Where a relator seeks to overrule a decision based on factual issues or matters committed to the trial court's discretion, relator has the burden to show the trial court could have reached only one decision on the facts.  *Id*. at 839-40.  In regard to a factual issue, we may not substitute our judgment for that of the trial court.  *Id*. at 839.  Because temporary orders are not appealable, mandamus is an appropriate remedy when a trial court abuses its

---

[2] At our request, Burgess, the real party in interest, filed a response in which he asserts he wishes to nonsuit his case because he and Relator have agreed the Missouri court should hear this case.  However, this Court has received no documentation supporting these assertions or indicating any further actions have occurred in the trial court.

discretion in issuing temporary orders in a suit affecting the parent-child relationship. *In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding) (per curiam).

**Petition for Writ of Habeas Corpus**

In his first issue, Relator complains of the denial of his petition for habeas corpus. He asserts that he established a legal right to possession of P.J.W.B. because he is the biological father and through the Missouri court order that named Relator and the child's mother joint custodians. He further argues that, in the absence of a dire emergency, the court was required to grant his petition. Finally, Relator contends that he did not voluntarily relinquish possession of P.J.W.B.

If the right to possession of a child is governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator only if the court finds that the relator is entitled to possession under the order. TEX. FAM. CODE ANN. § 157.372(a). Chapter 157 provides exceptions where: (1) the relator has by consent or acquiescence relinquished actual possession and control of the child for not less than six months or (2) there is a serious immediate question concerning the welfare of the child. *Id*. §§ 157.373(a), 157.374.

Assuming Relator demonstrated the bare legal right to possession of the child, issuance of a writ of habeas corpus should be automatic pursuant to Section 157.372(a) unless one of the statutory exceptions apply. *See Schoenfeld v. Onion*, 647 S.W.2d 954, 955 (Tex. 1983) (orig. proceeding) (per curiam). The trial court found that Relator has

relinquished possession of the child for almost nine years prior to filing the petition for habeas corpus. We consider whether the record supports this finding which would satisfy the exception in Section 157.373(a).

At the hearing, Relator testified that he and his older son moved to Missouri in 2013. His wife remained in Texas. Relator has seen P.J.W.B. only once in his life for about two hours. That was during the divorce proceedings in 2015 when P.J.W.B. was a year or year and one half old. The divorce was granted in March 2016. During the divorce proceedings, Relator's attorney attempted unsuccessfully to find Alicia. After the divorce was granted, Relator never found out where she lived. He did not have a valid phone number for her. Regarding his attempts to find her, he explained:

> We kind of searched you know we checked Facebook things like that to see if we could get anything. Family members would hear rumors that she was in various places. And we would start trying to check around to see if we could locate her, but we wasn't able to.

He also explained that, after he remarried, he wanted to have Alicia's parental rights terminated so his second wife could adopt A.W.J.S. Also, he wanted to enforce his visitation rights to see P.J.W.B. In the spring of 2017, he asked his attorney to locate her.

He testified that he did not know where to look for Alicia and had no idea where to find her. He and his wife checked Facebook from time to time to see if there was any indication of her location. After 2017, he and his wife started saving to hire a private investigator and an attorney to locate Alicia and get visitation rights to see P.J.W.B.

Relator did not know where Alicia's family was living, and he did not know she had remarried. He never attempted to go to Alicia's mother's house. He was able to find Alicia's parents on Facebook a couple of times, but he never sent a message to Alicia's family or friends or posted to their Facebook page. He did not drive to any of their houses, try to get a telephone number for any of them, or send any sort of communication to any of them.

Based on the facts shown in this record, we conclude the trial court could only have reached the decision that Relator, by acquiescence, relinquished possession of P.J.W.B. for almost nine years. *See Walker*, 827 S.W.2d at 839-40. Therefore, the trial court did not abuse its discretion in denying Relator's petition for habeas corpus or his motion to reconsider his petition for habeas corpus. *See* TEX. FAM. CODE ANN. § 157.373(a). We overrule Relator's first issue.

**Temporary Emergency Jurisdiction**

In his second issue, Relator asserts that the trial court could not have obtained temporary emergency jurisdiction. Specifically, he argues that the child was not abandoned or subjected to or threatened with mistreatment or abuse as required by the Texas Family Code.

Texas Family Code Section 152.204 permits a Texas court to obtain temporary emergency jurisdiction over a child in custody matters if the child is present in Texas and the child has been abandoned or it is necessary in an emergency to protect the child

because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse. TEX. FAM. CODE ANN. § 152.204(a). The exercise of temporary emergency jurisdiction under Section 152.204 is reserved for extraordinary circumstances. *See In re Salminen*, 492 S.W.3d 31, 40 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding).

The trial court, pursuant to Family Code Section 152.204, took temporary emergency jurisdiction of P.J.W.B. and ordered that he "shall remain in Johnson County, Texas with Kelvin Burgess." The record shows that Burgess filed his petition because his wife, the mother of P.J.W.B., died. The evidence shows, and the trial court found, that prior to Alicia's death the child resided with Alicia and Burgess for six years, and the child's needs are currently being met by Burgess. There is no evidence of abandonment or that anyone has been subjected to or threatened with mistreatment or abuse. Accordingly, the trial court abused its discretion by exercising temporary emergency jurisdiction and issuing the temporary order pursuant to Family Code Section 152.204. *See* TEX. FAM. CODE ANN. § 152.204(a); *Walker*, 827 S.W.2d at 840.

**Conclusion**

We deny Relator's petition for writ of mandamus to the extent he complains of the denial of his petition for habeas corpus and motion for reconsideration of his petition for habeas corpus. We conditionally grant his petition for writ of mandamus to the extent he complains of the trial court's exercise of temporary emergency jurisdiction and entry

of a temporary order. We direct the trial court to vacate its temporary order requiring

P.J.W.B. to remain in Johnson County. We are confident the trial court will comply, and

our writ will issue only if it does not.


STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray dissents to judgment ruling on Habeas Corpus)
(Chief Justice Gray concurs with judgment ruling on Temporary Emergency Jurisdiction)
Petition denied in part and conditionally granted in part
Opinion delivered and filed April 25, 2024
[CV06]

